THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SCOTT TORGESON, Defendant-Appellant.

Second District   No. 83—1103

Opinion filed April 10, 1985.

G. Joseph Weller and Michael F. Braun, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerald Grubb, State's Attorney, of Belvidere (Phyllis J. Perko and Andrea Becker, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HOPF delivered the opinion of the court:

Defendant, Scott Torgeson, appeals from an order of the circuit court of Boone County which denied his motion to vacate his guilty plea to probation violation. On appeal, defendant claims that this denial was error because the plea was the result of previous uncounseled misdemeanor guilty pleas. Defendant also appeals from the 5½-year sentence imposed upon him for his original conviction of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)), claiming that the sentencing court improperly considered the effect of good-time credits in determining defendant's sentence. We affirm.

On April 17, 1981, the defendant pleaded guilty to a charge of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) and was placed on two years' probation with six months' periodic imprisonment. On July 29, 1983, defendant was charged with two misdemeanor offenses; possession of a key or device of a coin-operated machine (Ill. Rev. Stat. 1983, ch. 38, par. 16—6) and theft from a coin-operated machine (Ill. Rev. Stat. 1983, ch. 38, par. 16—5(a)). He pleaded guilty to both

charges, and a petition to revoke defendant's probation for the burglary conviction was filed by the State, in part on the basis of the two misdemeanor offenses. Subsequently, defendant moved to vacate the guilty pleas in the misdemeanor cases, alleging that they were entered without benefit of counsel.

The cause proceeded on August 19, 1983, to a hearing on the State's petition to revoke probation. With counsel present, defendant admitted the allegations contained in the petition, with the understanding that the State would be dismissing the two misdemeanor offenses to which he previously pleaded guilty. Defendant also admitted to having committed a third misdemeanor offense, theft under $300. After stating that he understood the effect of his admissions, that he discussed the matter with his attorney, that there were no promises or threats made in order to obtain his admissions, and that the only thing the State was giving up was its right to pursue the misdemeanor charges, the court accepted defendant's admissions and revoked his probation. A sentencing hearing was held, during which the court heard evidence in aggravation and mitigation. Defendant was then sentenced to six years' imprisonment, with "credit for 255 days served," and all three misdemeanor charges were dismissed.

Following sentencing, defendant filed a motion to vacate the plea of guilty of probation violation and sentence, alleging that the plea was not voluntarily made. The trial court denied this motion. Defendant also filed a motion to reduce his sentence. In regard to this motion, the court made the following challenged comments:

> "One question that I have in my mind is a point that hasn't been addressed, is the way DOC treats the time credited. When I impose a sentence to the penitentiary I feel I have to consider the realities of the sentencing law and the time in which the Defendant is to be in prison. A six year sentence is reduced to three years with good time assuming that the prisoner doesn't violate the rules of the penitentiary and then the question that I have is would the credit for time served, which is 255 days, I believe, does that come off the three years directly or does DOC credit one-half of that time?
>
> * * *
>
> It was my understanding when I imposed the sentence that the entire *225* [*sic*] days would be taken off and would not amount to half of it. DOC may be interpreting the Statute correctly and in fact after I imposed the sentence it occurred to me that there are two different ways they could view that.
>
> * * *

[B]ecause it was my intention to give him the credit for the full 255 days not making it half of the time but the full time, I'm going to reduce the sentence to five and one-half years rather than six years. This is not a statement by the Court that I feel six years is too much. It is simply a statement by the Court that this is the original time that I intended be served and apparently the State agrees that the Department does not compute the time the way that I was thinking that they do. This is the sentence that I feel, originally felt was appropriate and I still do but I want to correct that so that he is not losing that time."

Relying on *People v. McCarty* (1981), 101 Ill. App. 3d 355, 358, 427 N.E.2d 1382, *aff'd in part, rev'd in part on other grounds* (1983), 94 Ill. 2d 28, 445 N.E.2d 298, defendant first contends that his probation was improperly revoked based upon his uncounseled pleas of guilty to two misdemeanor charges. He also asserts that his admissions to probation violations at the hearing on the petition to revoke were a result of his earlier guilty pleas. These contentions are without merit.

In *Baldasar v. Illinois* (1980), 446 U.S. 222, 64 L. Ed. 2d 169, 100 S. Ct. 1585, the United States Supreme Court ruled that a prior uncounseled misdemeanor conviction could not be used to enhance the penalty imposed upon conviction of a subsequent offense. In *People v. McCarty* (1981), 101 Ill. App. 3d 355, 358, 360, 427 N.E.2d 1382, the Third District Appellate Court expanded the ruling in *Baldasar* and held that the State may not use an uncounseled conviction as a basis to revoke a defendant's probation unless defendant waived his right to counsel in the earlier uncounseled proceeding. We note that *McCarty* was affirmed in part and reversed in part on other grounds by the Illinois Supreme Court (*People v. McCarty* (1983), 94 Ill. 2d 28, 445 N.E.2d 298).

■ Nevertheless, our review of the record leads us to conclude that the authorities cited above, and relied upon by defendant, are inapplicable in the instant case. The record establishes that defendant pleaded guilty to the probation violation with the benefit of counsel and with the understanding that the two misdemeanor convictions to which he previously pleaded guilty would be dismissed. Before accepting defendant's admissions on the probation violations, the trial court in great detail explained to the defendant each of the charges and their consequences. The court further discussed with the defendant that if he admitted a violation of probation that his probation could be revoked, and explained the maximum and minimum sentences which

could be imposed as a result. The record from the probation revocation hearing is replete with evidence that the defendant understood his rights and that he knowingly and intelligently, with the assistance of counsel, waived his right to a hearing. This is not a situation where the probation revocation was based merely on the record of defendant's previous uncounseled guilty pleas. (*Cf. People v. McCarty* (1981), 101 Ill. App. 3d 355, 358, 427 N.E.2d 1382, *aff'd in part, rev'd in part on other grounds* (1983), 94 Ill. 2d 28, 445 N.E.2d 298.) To the contrary, defendant's previous pleas of guilty were nowhere referred to at the hearing as a reason for revoking probation. Defendant was given every opportunity to answer the charges anew, to explain the events leading up to his arrest on the misdemeanor charges, and to persuade the court not to terminate his probation. (See *People v. Mosley* (1971), 2 Ill. App. 3d 375, 378, 276 N.E.2d 445; *People v. Brooks* (1973), 14 Ill. App. 3d 93, 95-96, 302 N.E.2d 244.) Despite this, defendant chose, with benefit of counsel, to admit the allegations of the petition, including the allegation that he committed a theft under $300. This last allegation is in itself sufficient to revoke defendant's probation (see *People v. Felton* (1979), 69 Ill. App. 3d 684, 686, 387 N.E.2d 1094), and was not the subject of a previous uncounseled plea of guilty. On the basis of this record, we conclude that defendant's plea of guilty to probation violation was voluntarily given, and was not the result of his prior uncounseled guilty pleas to two misdemeanor convictions. Accordingly, the trial court's denial of defendant's motion to vacate his guilty plea to probation violation was not error.

■ We also reject defendant's second contention that the sentencing court improperly considered the effect of good-time credit in determining defendant's sentence. We construe the court's comments with regard to good-time credit as indicating its concern over the amount of credit which defendant would receive for the time already served on probation. (See Ill. Rev. Stat. 1983, ch. 38, par. 1005—6—4(h).) The court stated that it was its intention that defendant receive credit for the full 255 days served. However, after imposing the original sentence, the court realized that perhaps the Department of Corrections would only give defendant half of this time. In order to prevent this result, defendant's sentence was reduced to 5½ years' imprisonment. There is no indication in the record that the court considered good-time credit in its original imposition of the sentence. To the contrary, the court cited the defendant's extensive history of delinquency and criminal activity as its reason for imposing the original six-year sentence. The record indicates that, as a juvenile, defendant

had received numerous lectures for petty theft and burglary offenses and had been adjudicated a delinquent. As an adult, defendant pleaded guilty to numerous other offenses, including burglary, theft, criminal damage to property and contributing to the delinquency of a minor. During the sentencing hearing, the court also noted that defendant used his probation as another opportunity to engage in criminal conduct. Under these circumstances, we think defendant's original sentence was amply supported by the record and was not a product of considering the effect of good-time credit.

However, even if we were to interpret the court's comments as indicating that good-time credit was considered in imposing the original sentence, which we do not, we would still find no abuse of discretion on this basis. Defendant argues that to permit such a consideration would improperly allow the court to enhance the sentence to offset the awarding of good-time credit, thereby frustrating the legislative scheme established in the sentencing law. We disagree. In the absence of any authority to the contrary, we see no reason why a sentencing judge may not consider, as one factor, the realities of the sentencing law in fashioning a sentence which is reflective of both the seriousness of the offense and the defendant's rehabilitative potential. A sentencing judge does not act in a vacuum, nor can he be expected to disregard the possibility of good-time credit which is inherent in every sentence of imprisonment. (See *Abernathy v. People* (1970), 123 Ill. App. 2d 263, 271, 259 N.E.2d 363.) While we recognize that good-time credit and eligibility for good-time credit are not the same thing, we nevertheless believe that a sentencing court may properly determine the minimum amount of actual incarceration which is appropriate in light of the seriousness of the offense and the history and character of the defendant. Further, the fact that good-time credit is not listed as one of the factors to be considered by the sentencing court in sections 5—5—3.1 and 5—5—3.2 of the Unified Code of Corrections (Ill. Rev. Stat. 1983, ch. 38, pars. 1005—5—3.1, 1005—5—3.2) is not, in itself, dispositive of the issue, contrary to defendant's contention on appeal. It is well established that a sentencing court may search anywhere, within reasonable bounds, for facts which aid him in crafting a proper sentence. (*People v. Ely* (1982), 107 Ill. App. 3d 102, 107, 437 N.E.2d 353; see also Ill. Rev. Stat. 1983, ch. 38, par. 1005—4—1.) In view of the fact that defendant alleges no other impropriety or defect in the sentencing hearing, that the sentence imposed was well within the statutory limits for the offense of burglary (see Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—1(a)(5)), and that the sentence was amply supported by defendant's lengthy history of juvenile and adult

390

criminal activity, we find no abuse of discretion in the court's imposition of sentence here.

Accordingly, the judgment and sentence of the circuit court of Boone County are affirmed.

Affirmed.

SCHNAKE and REINHARD, JJ., concur.