THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JAMES T. SMITH, Defendant-Appellant.

Fourth District   No. 4—86—0213

Opinion filed October 28, 1986.

Daniel D. Yuhas and Gary Peterson, both of State Appellate Defender's
Office, of Springfield, for appellant.

Jeffrey K. Davison, State's Attorney, of Decatur (Kenneth R. Boyle,
Robert J. Biderman, and Rebecca L. White, all of State's Attorneys Appel-
late Prosecutor's Office, of counsel), for the People.

JUSTICE GREEN delivered the opinion of the court:

Following a trial by jury in the circuit court of Macon County,
defendant was convicted on January 29, 1986, of burglary and subse-
quently sentenced to seven years' imprisonment on February 28,
1986. He appeals, contending that the trial court based its sentence
upon improper argument of the prosecutor during the sentencing. We
affirm.

The presentence report showed that at the time of sentencing on
February 21, 1986, defendant was 21 years old. It also showed that
(1) in 1977, in a juvenile proceeding, he was found to have committed
seven burglaries and one robbery; (2) in 1981, he was convicted of re-
tail theft; (3) in 1982, he was convicted of attempted burglary; (4) in
1982, he was convicted of escape; and (5) he had also been convicted
of two traffic offenses. In arguing that defendant's record indicated
the desirability of the imposition of a severe sentence, the prosecutor
stated:

"[T]here has been previous little time since [the defendant] was

a juvenile that he has not been incarcerated. Every time he is released, in a short period of time he is recommitted on some other crime. I strongly urge the court to send a very clear message to Mr. Smith that he can't continue to commit crimes like this and get eighteen months. *By the time the Department of Corrections credits you with all this day for day good time and all this other nonsense that [sic] you can commit these crimes, be released and turn around and commit another crime."* (Emphasis added.)

The court overruled an objection to this phase of the argument, and before imposing sentence, indicated that it had considered the arguments of counsel.

Defendant contends that because the court overruled the objection to the argument and made the general statement that it had considered the arguments of counsel, the trial court must have based its sentencing decision on improper matters. In support of its argument, defendant cites *People v. Walker* (1982), 91 Ill. 2d 502, 440 N.E.2d 83, and *Feggins v. State* (1977), 265 Ind. 674, 359 N.E.2d 517. In *Walker*, the court vacated a death sentence and remanded for a new penalty hearing for cumulative error before the jury at a prior penalty hearing where the prosecutor argued that if the death sentence were not imposed, the defendant would be eligible for parole. The court concluded that, although the remarks were likely invited by defense argument, error resulted under the strict scrutiny required when the death penalty is involved. The *Walker* court noted that the United States Supreme Court required the focus in death sentencing hearings to be on the defendant and the record and held that the argument turned the jury's focus from those elements and involved too speculative a matter. In *Feggins* the court held that instruction or argument to a jury that a defendant would serve a lesser sentence than that imposed was improper.

■ Here, no death sentence is involved and the requirement of *Walker* in regard to the focus on the record and character of the defendant is not required. The question of whether the defendant will receive day-to-day credit for good time is much less speculative than is the question of whether a defendant will receive parole. The Second District has stated:

"A sentencing judge does not act in a vacuum, nor can he be expected to disregard the possibility of good-time credit which is inherent in every sentence of imprisonment. *** It is well established that a sentencing court may search anywhere, within reasonable bounds, for facts which aid him in crafting a proper

sentence." (*People v. Torgeson* (1985), 132 Ill. App. 3d 384, 389, 477 N.E.2d 244, 247.)

We hold that the good-time credit available to a defendant is a permissible consideration in sentencing.

■■ The prosecutor's description of the statutory provision for good time as "nonsense" was improper because the wisdom of the legislature in enacting legislation is not an issue in sentencing. However, the damage resulting was *de minimis* and the trial court did not err in overruling the objection to the argument and proceeding.

Finding no error to have occurred at sentencing, we affirm.

Affirmed.

McCULLOUGH, P.J., and WEBBER, J., concur.