THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ALLEN DUANE HARVEY, Defendant-Appellant.

Fourth District   No. 4—86—0383

Opinion filed January 29, 1987.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Craig H. DeArmond, State's Attorney, of Danville (Kenneth R. Boyle, Robert J. Biderman, and Michael Blazicek, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE KNECHT delivered the opinion of the court:

A Vermilion County circuit court jury found defendant Allen Harvey guilty of armed robbery (Ill. Rev. Stat. 1985, ch. 38, par. 18–2) following a one-day trial. Subsequently, the trial court sentenced defendant to 14 years in the Illinois Department of Corrections with credit for 127 days previously served.

On January 17, 1986, the defendant used his vehicle to force off the road an automobile driven by Evelyn Thomas. When the vehicles came to a stop, the defendant grabbed Thomas by the neck and threatened her with a knife, demanding money. The 69-year-old victim testified she gave the defendant the proceeds of her recently cashed paycheck, some $100. The record shows defendant has at least eight previous convictions for offenses against property.

In passing sentence on the defendant, the court stated:

"I am of the opinion that the fair and reasonable sentence under all of these circumstances is a determinate sentence of fourteen years in the penitentiary. I am going to impose that sentence, observing that if Mr. Harvey behaves himself while he is in the penitentiary, with the credit for time served, that he will receive—he should be eligible for discharge for approximately six and a half to six and three quarters year. It seems hopeful that that period of time will be sufficient to insure his rehabilitation, if he is capable of that; and hopefully impress

him with the necessity of making his behavior more acceptable to society. Court further finds the defendant to be entitled to credit for one hundred twenty-seven days served in custody awaiting trial."

Pointing to the above-quoted remarks by the court, the defendant argues on appeal that the court improperly considered the possibility of time off for good behavior when imposing sentence. Specifically, defendant claims considering good-time credit in imposing sentence will: (1) destroy sentencing parity in Illinois; (2) improperly enhance the penalty for his crime; (3) allow use of an improper sentencing factor because the legislature can repeal such provisions; and (4) defeat legislative intent in providing for such credit. Defendant also claims he is entitled to 128 days' credit against his sentence rather than the 127 days reflected in the court's sentencing order.

On appeal, the State concedes defendant should have received credit for 128 days' incarceration, reflecting the period from January 21, 1986, through May 28, 1986. (Ill. Rev. Stat. 1985, ch. 38, par. 1005—8—7(b).) Accordingly, we vacate the order of the circuit court and remand with directions to alter defendant's sentence to reflect 128 days' credit.

■ We are not persuaded the trial court considered good-time credit in setting the length of defendant's sentence. The trial judge's remarks merely show an awareness of the possibility of such credit. In any event, defendant failed to object at the trial court to the presumption of good-time credit, thus waiving the issue on appeal. *People v. Pruden* (1982), 110 Ill. App. 3d 250, 442 N.E.2d 284.

■ Were we to consider the merits of defendant's appeal, we would reject his claim that a trial court may not properly contemplate the effect of good-behavior credit when imposing sentence. We see no reason why a sentencing judge may not consider the practical fact of good-time credit in fashioning a sentence which reflects the seriousness of a defendant's offense and his potential for rehabilitation. (*People v. Smith* (1986), 148 Ill. App. 3d 655, 499 N.E.2d 1038; *People v. Torgeson* (1985), 132 Ill. App. 3d 384, 477 N.E.2d 244.) It is entirely proper for a sentencing court to search within reasonable bounds for facts which aid in crafting a suitable sentence. (132 Ill. App. 3d 384, 477 N.E.2d 244.) We disagree with the defendant's assertion that reliance upon otherwise proper factors in passing sentence will destroy sentencing parity in Illinois. The defendant's sentence was within statutory bounds and reflects both the seriousness of his crime and his history of criminal activity. We find no abuse of discretion in the sentence imposed by the court.

For the foregoing reasons, we vacate the trial court's sentencing order with regard to the 127 days' credit and remand with directions that the court amend the mittimus to reflect 128 days' credit. In all other respects we affirm the judgment of the circuit court.

Affirmed in part, vacated in part, and remanded with directions.

GREEN and McCULLOUGH, JJ., concur.