THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TIMOTHY NODINE, Defendant-Appellant.

Third District   No. 3—90—0185

Opinion filed March 8, 1991.

Joseph M. Gibson, of Peoria, for appellant.

Donald D. Knuckey, State's Attorney, of Lacon (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

Following a bench trial, the defendant, Timothy Nodine, was found guilty of (1) failing to stop after having an accident involving personal injury or death (Ill. Rev. Stat. 1989, ch. 95½, par. 11—401(b)), (2) obstructing justice (Ill. Rev. Stat. 1989, ch. 38, par. 31—4(a)) in that he knowingly concealed physical evidence by selling the vehicle involved in the accident, and (3) driving while his driver's license was suspended (Ill. Rev. Stat. 1989, ch. 95½, par. 6—303(a)). The defendant was sentenced to consecutive extended terms of six years in prison on both the failure to stop and obstructing justice offenses. The trial court held that the driving while license suspended offense merged into the other two offenses. The defendant appeals. We affirm.

On July 27, 1989, the defendant was driving a 1971 Chevrolet Impala on a rural road in Marshall County. At the time, the defendant's license was suspended. The Impala collided with a mini-bike driven by 12-year-old Christopher Miller, who later died of injuries sustained in the collision. The record shows that the defendant left the scene and did not report the accident to authorities. Later that evening, the Impala was sold to the boyfriend of one of the defendant's neighbors.

On August 2, 1989, Marshall County sheriff's deputies Sherl Webster and James Sackfield questioned the defendant at his home. During the course of the interview, the defendant made incriminating statements and was arrested. The defendant later gave a written statement at the Marshall County jail.

On appeal, the defendant contends the oral statements made at his home were not voluntarily made and that the trial court erred in denying his motion to suppress his oral and written statements.

At the hearing on the motion to suppress, Officer Webster testified that he received information from the Woodford County sheriff's department implicating the defendant in the accident that killed Miller. He and Officer Sackfield went to the defendant's residence.

The defendant invited the officers into his home. The officers asked the defendant if he had been driving an older model Chevrolet on the previous Thursday. The defendant denied that he was driving the car that day and stated that he had not used the car for a month. The defendant then asked his girl friend, Tammy Allen, who was present, how long it had been since they had had the car. She indicated the previous Thursday. At that point, the defendant admitted driving the car and being involved in the accident.

Webster testified that the interview was stopped at the point where the defendant admitted driving the car. Officer Sackfield then read defendant his rights pursuant to *Miranda*. Officer Sackfield's testimony concerning the sequence of events differed in that he testified to administering *Miranda* warnings following the defendant's initial denial. Officer Webster testified that neither officer threatened the defendant with possible criminal charges during the course of the interview.

The defendant testified that after he denied knowing anything about the accident, the officers told the defendant that they would "get" him for obstructing justice, if he did not tell them what happened. The defendant denied ever being read his *Miranda* warnings, even in previous arrests. Allen testified to hearing the officers ask the defendant whether he realized he could be charged with obstructing justice if he did not tell the truth.

■■ In determining whether a confession is voluntary, it must be ascertained whether the defendant's will was overborne when he confessed or whether the confession was made freely, voluntarily and without compulsion or inducement of any sort. (*People v. Argo* (1985), 133 Ill. App. 3d 421, 478 N.E.2d 873.) In making this determination, the trial court must consider the totality of the circumstances surrounding the making of the statement, including the existence of any threats, promises, or physical coercion, the length and intensity of the interrogation, and the age, intelligence, experience, and physical condition of the defendant. (*People v. Green* (1988), 179 Ill. App. 3d 1, 535 N.E.2d 413.) A confession is admissible if its voluntariness is proved by a preponderance of the evidence, and the finding of the trial court will not be reversed unless it is contrary to the manifest weight of the evidence. *People v. Veal* (1986), 149 Ill. App. 3d 619, 500 N.E.2d 1014.

■■ In the instant case, the questioning took place in the defendant's home after he invited the officers into his kitchen. The questioning lasted only 5 or 10 minutes. The defendant was 22 years old, was in good health, and had an eleventh-grade education. The record

shows that the defendant had numerous previous arrests. The evidence was conflicting concerning whether the officers threatened the defendant with criminal charges. Determining the credibility of the witnesses when the evidence is conflicting is the province of the trier of fact. (*People v. Woodburn* (1979), 75 Ill. App. 3d 532, 393 N.E.2d 1332.) Under the circumstances, we cannot say the finding of the trial court was contrary to the manifest weight of the evidence.

The defendant also contends the trial court's findings of guilt were against the manifest weight of the evidence. The defendant maintains that when he left the scene he did not know and/or did not have reason to know that Miller had been injured. In addition, the defendant asserts that his testimony at trial shows that he was not involved in the sale of the vehicle and that he had no intent to dispose of the car.

■ Initially, the People reply that the defendant cites the wrong standard of review. On appeal, when presented with a challenge to the weight of the evidence, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. (*People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.) Once a defendant has been found guilty of the crime charged, the fact finder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review all of the evidence is to be considered in the light most favorable to the prosecution. *People v. Collins* (1985), 106 Ill. 2d 237, 478 N.E.2d 267.

■ At trial, the defendant testified that on the afternoon of July 27, 1989, he was driving home from work. At one point he came upon Miller on a mini-bike proceeding in the same direction. He honked four or five times and then attempted to pass the mini-bike on the left. As he was doing this, Miller turned toward the front fender of defendant's car. The defendant testified that he was forced off the road and into the ditch on the left side of the road, where he hit a culvert. His car then crossed back across the road and came to rest in the ditch on the right side of the road.

The defendant testified that he glanced over his shoulder and looked back at Miller. He noticed that Miller was still wearing his helmet. He then saw Miller rise to his knees from a prone position. At that point, the defendant panicked and left the scene.

The State presented evidence that when Miller was discovered on the road, his helmet was some distance from his body and that his leg was broken. Expert testimony also showed that the mini-bike came in contact with the right fender of defendant's car. The expert also be-

lieved that damage to the right side of the windshield on defendant's vehicle was caused by Miller striking the windshield after he was thrown from the mini-bike.

The defendant is apparently arguing that he cannot be found guilty of failing to stop after having an accident involving death or personal injury, because when he left the scene, he believed Miller was not injured. This argument is completely without merit. In *People v. Nunn* (1979), 77 Ill. 2d 243, 396 N.E.2d 27, the supreme court held that, under section 11–401 (Ill. Rev. Stat. 1975, ch. 95½, par. 11–401), it was not necessary for the prosecution to show that the defendant knew that an injury or death resulted from the collision. In order to show a violation of the statute, the prosecution need only show that the defendant had knowledge that the vehicle he was driving was involved in a collision. See *People v. McCracken* (1989), 179 Ill. App. 3d 976, 535 N.E.2d 36.

The defendant testified he was involved in the collision and that he left the scene. He never reported the accident to the appropriate authorities. Miller died as a result of injuries sustained in the collision. Viewing the evidence in the light most favorable to the prosecution, we find the trial court could have found beyond a reasonable doubt that the defendant was guilty of failure to stop after having an accident involving personal injury or death.

■ The defendant maintains that he should not have been found guilty of obstructing justice because he testified that he had no intent to dispose of the vehicle and that he was not involved in the actual sale. He also asserts that one of the State's witnesses gave contradictory testimony and, therefore, injected reasonable doubt into the State's case.

In his oral and written statements given on August 2, 1989, the defendant stated that he sold the car to Howard Seelye. Allen and Seelye's girl friend, Venessa Finney, testified that the actual sale was between them. The record indicates that the car was registered in Allen's name. Seelye testified that he bought the car in a "round about way," and that he did not actually buy the car from the defendant. Seelye testified that he and the defendant negotiated the transaction in Finney's backyard. On cross-examination, Seelye stated that the actual sale was between Allen and Finney.

At best, the testimony was contradictory; however, it is for the trier of fact to weigh the credibility of witnesses and to resolve conflicts and inconsistencies in their testimony. (*People v. Eyler* (1989), 133 Ill. 2d 173, 549 N.E.2d 268.) Viewing the evidence in the light most favorable to the prosecution, we find the trial court could have

found the defendant guilty beyond a reasonable doubt of obstructing justice.

The defendant also asserts that the sentence imposed was excessive and should be reduced by this court. Initially, we note the defendant does not contend the trial court was without authority to impose the consecutive extended terms.

■ The Illinois Supreme Court has stated that sentencing is a matter of discretion and that, absent an abuse of discretion, a sentence may not be altered on review. (*People v. Willingham* (1982), 89 Ill. 2d 352, 432 N.E.2d 861.) A reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate sentencing factors differently. *People v. Rixie* (1989), 190 Ill. App. 3d 818, 546 N.E.2d 52.

■ The record showed that the defendant had numerous previous convictions, including at least five convictions for driving while his license was suspended. He had a 1985 conviction for burglary, a Class 2 felony, and a 1987 conviction for retail theft, a Class 4 felony. The defendant was observed buying beer and getting behind the wheel of a car two weeks before the trial in this case. At the time, the defendant was on probation. The trial court found that defendant's actions revealed an obvious disrespect for the law and no intention whatsoever to obey the law.

In the instant case, the defendant was involved in a serious accident with a 12-year-old boy. He left the scene and made no attempt to render aid, or even ascertain whether the boy was injured. He then disposed of the vehicle that same evening. In sum, we find the trial court did not abuse its discretion in imposing sentence.

For the foregoing reasons, the judgement of the circuit court of Marshall County is affirmed.

Affirmed.

GORMAN and SLATER, JJ., concur.