THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL OTT, Defendant-Appellant.

Second Division   No. 2—91—0867

Opinion filed November 20, 1992.

120

Frank M. Valenti, of Oak Park, and Kristine A. Karlin, of Judge & James, Ltd., of Park Ridge, for appellant.

James E. Ryan, State's Attorney, of Wheaton (William L. Browers, Robert J. Biderman, and Jeffrey K. Davison, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

Defendant, Michael Ott, appeals the trial court's dismissal of his post-conviction petition. Defendant raises three issues on appeal: (1) whether the trial court erred in dismissing the petition without an evidentiary hearing; (2) whether defendant was denied a fair trial when the judge, in the jury trial, commented that defendant's confession was voluntary; and (3) whether defendant was denied the effective assistance of trial counsel when his attorney did not move to sever the two charges.

Defendant was indicted for the unlawful possession of more than 500 grams of cannabis with the intent to deliver (Ill. Rev. Stat. 1991, ch. 56½, par. 705(e)) and for the unlawful delivery of more than 30 but less than 500 grams of cannabis (Ill. Rev. Stat. 1991, ch. 56½, par. 705(d)). Defendant was released on a recognizance bond and disappeared. Subsequently, defense counsel moved to suppress defendant's confession. Following an evidentiary hearing, at which several police officers testified, the court denied the motion to suppress because it found that defendant's statements were voluntary.

Defendant was tried *in absentia*. The State presented the following evidence. On February 3, 1988, the Lombard police arrested Roger Fisher for selling cannabis. Fisher agreed to participate in a controlled buy from his source, defendant. Several police officers set up surveillance at defendant's home. On February 4, 1988, at five minutes to 11 p.m., Fisher went to defendant's home with $365 in prerecorded bills. Fisher purchased one-quarter pound of marijuana and gave defendant the money. Fisher left defendant's home at 11:05 p.m. and returned to the police station. Fisher gave the officers the bag of marijuana. Fisher told the officers that defendant took him into an office where defendant produced the bag of marijuana. The officers wrote up a search warrant and, at 3:30 a.m., had it signed by a judge in Wheaton.

The officers met with the other officers who were engaged in surveillance at the home in Medinah and then proceeded to execute the warrant. At 4 a.m., the officers knocked on the door. Defendant refused to open the door, so the officers broke the door down. Defendant, his teenage daughter, and his girlfriend were home. In an office in the house, the officers found a garbage bag with numerous smaller ziploc bags inside. The ziploc bags contained marijuana. The officers also found two other baggies of marijuana in the desk and a triple beam scale under the desk. Under a speaker in the living room, the officers found several thousand dollars in cash, including the $365 in prerecorded bills. Finally, the officers found four large garbage bags in the trunk of defendant's car, which was parked in the attached garage. Each of these bags contained numerous baggies of marijuana. The police seized approximately 5,000 grams of marijuana.

At 6 a.m., one of the officers read the *Miranda* warnings to defendant, and defendant indicated that he wanted to speak to the officers out of the presence of his daughter. Defendant stated that he earned $300 per week at his job, but he made $700 to $1,000 per week selling marijuana. Defendant sold about 20 pounds per week. Defendant had just picked up 35 pounds of marijuana a few days earlier. Defendant told the officers the name and address of his supplier. Neither defendant's girlfriend nor his daughter was arrested. The jury found defendant guilty of both offenses.

Defense counsel filed a post-trial motion, which was denied. On October 31, 1988, the court sentenced defendant *in absentia* to 14 years' imprisonment. The court did not sentence defendant for the delivery offense because the prosecutor represented that it was a lesser included charge.

On November 29, 1990, defendant filed a motion for a new trial, alleging that his absence was due to circumstances beyond his control. The court denied the motion. On June 13, 1991, defendant filed a post-conviction petition. Defendant alleged that he was denied the effective assistance of counsel because his attorney failed to move to sever the charges. Defendant further alleged that joinder of the two offenses denied him a fair trial. Finally, defendant alleged that he was denied due process of law by the trial judge's remark, in front of the jury, that defendant's statements to the police already had been found to be voluntary. The State moved to dismiss the petition. The court granted the motion to dismiss, and defendant timely appealed.

■ Defendant's first claim of error is that the trial court erred in dismissing the post-conviction petition without an evidentiary hearing. A post-conviction petition is a collateral attack on the conviction when a defendant's constitutional rights have been violated (see Ill. Rev. Stat. 1991, ch. 38, par. 122—1). (*People v. Enoch* (1991), 146 Ill. 2d 44, 50.) A post-conviction petitioner is not entitled to an evidentiary hearing if the trial court, in ruling on the State's motion to dismiss, determines that it may render a decision based on the petition itself and the record before it. (*People v. Griffin* (1992), 148 Ill. 2d 45, 53-54.) The trial court dismissed the petition pursuant to section 122—5 of the Post-Conviction Hearing Act (Ill. Rev. Stat. 1991, ch. 38, par. 122—5). We conclude that an evidentiary hearing on defendant's claims was unnecessary because the relevant evidence relating to both issues raised in the petition was in the record before the post-conviction court.

We next address defendant's contention that his trial counsel rendered ineffective assistance. The relevant standard is the two-pronged *Strickland* test: whether counsel's performance was so deficient that it fell below an objective standard of reasonableness, and that, but for counsel's deficient performance, there exists a reasonable probability that the outcome of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 80 L. Ed. 2d 674, 693, 104 S. Ct. 2052, 2064; *People v. Albanese* (1984), 104 Ill. 2d 504.) We need not address the first factor because we conclude that defendant has failed to show any prejudice. *People v. Burrows* (1992), 148 Ill. 2d 196, 233.

■ Section 114—7 of the Code of Criminal Procedure of 1963 provides that two charges may be tried together if the offenses were part of a comprehensive transaction. (Ill. Rev. Stat. 1991, ch. 38, par. 114—7.) The most important factors courts consider are the proximity in time and location of the offenses (*People v. Trail* (1990), 197 Ill.

App. 3d 742, 746) and whether there is common evidence for both offenses (*People v. Harmon* (1990), 194 Ill. App. 3d 135, 140). Here, the offenses occurred within hours of each other at the same location, and, in fact, defendant was committing the possession offense while the delivery offense occurred. The same evidence was relevant to both offenses, because the large amount of marijuana stored in the house rebutted any suggestion that defendant was entrapped into selling the marijuana to Fisher. We conclude that these offenses were so intertwined that they were part of the same transaction. Thus, counsel's failure to request the severance of the charges did not prejudice defendant's case, and the trial court properly concluded that this claim should be dismissed.

■ Finally, defendant contends that the court should not have dismissed his claim that he was denied due process of law when the trial judge stated that defendant's confession was voluntary. However, improper remarks by a trial judge may be harmless error if the remarks did not constitute a material factor in the defendant's conviction, or if the remark did not prejudice the defendant. (*People v. Williams* (1991), 209 Ill. App. 3d 709, 718-19.) The determination whether defendant's confession was voluntary was not an ultimate issue. *Cf. People v. Jenkins* (1991), 209 Ill. App. 3d 249, 263 (the trial judge erroneously instructed the jury that an exhibit was a controlled substance when it was the jury's function to decide that issue; however, the appellate court held that the error was harmless because there was other evidence which showed that it was a controlled substance).

Aside from the statement, the State presented evidence that defendant had several large garbage bags full of marijuana in the trunk of his car and one in the office in his home. Also in defendant's office, the officers found a triple beam scale and ziploc bags. Fisher testified that defendant sold marijuana to him in the office in the home, and defendant pulled the bag of marijuana out of the desk drawer. Thus, even without the statement, the evidence supports the conclusion that defendant sold large quantities of marijuana. In light of the overwhelming evidence of defendant's guilt, we conclude that if there was any error in this regard, it was harmless. See *People v. Maiden* (1991), 210 Ill. App. 3d 390, 396-97.

Moreover, the trial judge's comment was a response to defense counsel's objection. Defense counsel sought to prevent admission of the statement into evidence on the basis that it was involuntary. The trial court overruled the objection, remarking, "the voluntariness of the statement has already been determined." The court then permit-

ted the police officer to testify to the contents of defendant's statement. We do not construe the judge's comment as expressing the judge's opinion on the voluntariness of the statement or as an intent to remove that question from the jury's determination.

The judge gave the jury the following instruction:

> "You have before you evidence that the defendant made a statement relating to the offense charged in the indictment. It is for you to determine whether the defendant made the statement, and if so, what weight should be given to the statement. In determining the weight to be given to a statement, you should consider all of the circumstances under which it was made."

This is precisely the type of instruction recommended by the supreme court in *People v. Cook* (1965), 33 Ill. 2d 363, 370. The trial judge did not instruct the jury that defendant's statement was voluntary, or that he believed that it was. On the contrary, the last sentence of the instruction states that the jury was to consider the circumstances of the statement, which would include the voluntariness of it. (See *People v. Nodine* (1991), 209 Ill. App. 3d 1031, 1034.) Defendant made a knowing waiver of his *Miranda* rights in his home, a noncoercive setting. The questioning lasted 20 to 30 minutes. The officers testified that they made no promises to defendant, nor did they threaten him. The evidence supports the conclusion that defendant's confession was voluntary. See *Nodine*, 209 Ill. App. 3d at 1034.

Since there was no valid claim to support the post-conviction petition, we conclude the trial court properly dismissed it.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and DOYLE, J., concur.