THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ROBERT HEINEMAN, Defendant-Appellant.

First District (3rd Division)   No. 1—92—3424

Opinion filed March 30, 1994.

Larry Axelrood, of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb, Lou Anne Corey, and Ann Kidd, Assistant State's Attorneys, of counsel), for the People.

JUSTICE GREIMAN delivered the opinion of the court:

Defendant Robert Heineman pleaded guilty to reckless homicide and driving under the influence of alcohol (DUI). The trial court imposed a 10-year sentence for reckless homicide and a concurrent 3-year term for DUI.

On appeal defendant only challenges his 10-year sentence for

reckless homicide. He contends that the sentence constitutes an impermissible double enhancement and results from the trial court's consideration of improper factors and bias.

We affirm.

Defendant's guilty plea arises from a drunk driving collision which killed Dorothy Todd on November 1, 1991. The State presented the factual basis for the plea.

Terrell Garth would testify that at 3:55 p.m. on November 1, 1991, he was near Bernice and Wentworth Roads in Lansing when he observed defendant drive a yellow Ryder truck through a parking lot. Defendant struck a parked car, causing it to hit another parked car, then backed up his truck, left the parking lot without stopping and proceeded northbound on Wentworth Avenue.

Christopher Hansen would testify that on the same afternoon about 4 p.m. he was driving southbound on Wentworth Avenue in Calumet City when he observed the northbound yellow Ryder truck swerve between lanes, veer again into the southbound lane and strike a white car. Hansen drove to the scene of the accident and found that the truck had completely crushed the white car, then had proceeded into the store front of a building.

Officer Alexander of Calumet City would testify that he was the first policeman to arrive at the accident scene. The front end of the driver's side of the white car was crushed and the sole occupant, Dorothy Todd, was dead. Officer Alexander found defendant in the back compartment of the truck and empty beer cans strewn on the floor of the truck. Defendant smelled of alcohol, his speech was unintelligible, he was unable to remove the wallet from his pocket and he was under the influence of alcohol.

Officer Cap would testify that she was the second police officer to arrive at the accident scene. Officer Cap observed that defendant's speech was slurred and unintelligible, his breath had a strong odor of alcohol and he was unable to walk or turn without falling. Defendant failed sobriety tests administered in the field and scored .29 on the breathalyzer.

Additional evidence would show that Dorothy Todd sustained numerous injuries in the collision and died of vehicular homicide. Dorothy Todd was 63 years old, a wife and mother of three.

As to the DUI charge, the State tendered certified copies of defendant's two prior convictions for DUI, i.e., on September 10, 1977, in Wisconsin and on April 1, 1985, in Indiana.

Defendant stipulated to the factual basis for the plea presented by the State. The trial court accepted defendant's guilty pleas, entered judgment on the pleas and proceeded to sentencing.

In aggravation, the State tendered four victim impact statements completed by members of the deceased's family and a videotape of the two vehicles involved in the accident. The victim's son prepared the videotape two days after the collision at the junkyard where both vehicles were taken. The trial court allowed the victim impact statements and the videotape over defendant's objection. The State also presented a certified copy of defendant's driving record revealing several arrests or convictions for DUI, for driving on a revoked license, for driving on a suspended license and for leaving the scene of a personal injury accident.

In mitigation, four witnesses testified on behalf of defendant, i.e., his live-in girlfriend (Sandra Pillasch), neighbor (Roger Marcinak), brother (Richard Heineman) and mother (Barbara Mezydlo). Their testimony revealed that defendant helped Pillasch and her four children, was helpful to his neighbors and his family, and was the product of an alcoholic father. Defendant appeared changed after the accident, becoming quiet, reflective and sad. The witnesses also established that the 31-year-old defendant suffered from a longstanding drinking problem and had attempted treatment numerous times but failed.

In his testimony at the sentencing proceeding, defendant admitted that he is an alcoholic, has had a drinking problem since he was a teenager and has not been successful in past treatment programs. Defendant further admitted that two months after the accident he hit Pillasch after he had been drinking. Defendant expressed remorse, recognized that he should be punished and asked for a short sentence.

Following the imposition of the 10-year sentence for reckless homicide and a concurrent 3-year term for DUI, the trial court denied defendant's subsequent motion to reconsider the sentence. Defendant now appeals that judgment.

■ First, defendant contends that his sentence for reckless homicide must be vacated because it was the result of an unconstitutional double enhancement, where the substantive offense of reckless homicide was upgraded from a Class 3 felony to Class 2 based on the factor of intoxication and the corresponding sanction was enhanced to double the maximum of ordinary Class 2 felonies, based on the same factor of intoxication. Defendant argues that this statutory scheme is fundamentally unfair.

Reckless homicide is a Class 3 felony subject to enhancement to a Class 2 felony when a defendant has been determined to have committed the offense of reckless homicide while under the influence of alcohol. (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(e) (now 720 ILCS 5/9—3(e)

(West 1992)).) Where the reckless homicide offense has been enhanced to a Class 2 felony, the corresponding "penalty shall be a Class 2 felony" with a sentencing term ranging from 3 to 14 years. (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(e).) In contrast, the sentencing term for other Class 2 felonies ranges from three to seven years. Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(5) (now 730 ILCS 5/5—8—1(a)(5) (West. 1992)).

Generally, use of a single factor both as an element of a defendant's crime and as an aggravating factor justifying the imposition of a more severe sentence than might otherwise have been imposed is a prohibited double enhancement (*People v. Gonzalez* (1992), 151 Ill. 2d 79, 84, 600 N.E.2d 1189) absent a clear legislative intent to accomplish that result. (*People v. Ferguson* (1989), 132 Ill. 2d 86, 97, 547 N.E.2d 429.) Thus double enhancement is not prohibited where there was clear legislative intent.

It is well established that under State police powers, the legislature has wide discretion to prescribe penalties for defined offenses. (*People v. Morris* (1990), 136 Ill. 2d 157, 161, 554 N.E.2d 235.) Where statutory language is clear and unambiguous, a court must enforce the law as enacted. (*Ferguson*, 132 Ill. 2d at 97.) Where the court determines that the statute is reasonably designed to remedy the evils which the legislature determined to be a threat to public health, safety and general welfare, it is a proper exercise of police power and will withstand a constitutional challenge. *People v. Lockwood* (1992), 240 Ill. App. 3d 137, 149, 608 N.E.2d 132.

In the present case, the statute is clear and unambiguous. Neither party disputes the construction of its terms or their import. The statute reflects the legislative intent to penalize more severely motorists who commit reckless homicide while under the influence of alcohol. We believe that the statute is reasonably designed to provide a remedy to the threat to public health, safety and general welfare caused by intoxicated motorists who commit reckless homicide. Accordingly, we find that the statutorily mandated sentence for reckless homicide committed while under the influence of alcohol does not constitute impermissible double enhancement.

■ Second, defendant asserts that the trial court's consideration of an impermissible and undefined "higher standard" based on the size of the truck was reversible error, that the sentence imposed was disproportionate to the offense and that the trial court was biased.

Sentencing is a matter of discretion of the trial court, and absent an abuse of discretion, a sentence may not be altered on review. (*People v. Nodine* (1991), 209 Ill. App. 3d 1031, 1037, 568 N.E.2d 994.) The trial court may exercise wide discretion in the source and type of

evidence it uses to determine the appropriate sentence. (*People v. White* (1992), 237 Ill. App. 3d 967, 969, 605 N.E.2d 720.) The entire scope of facts surrounding a criminal offense must be considered to determine whether a defendant's sentence is excessive. (*People v. Costillo* (1992), 240 Ill. App. 3d 72, 83, 608 N.E.2d 100.) While the legislature has identified certain statutory factors to be considered in imposing sentence, the trial court is not precluded from considering nonstatutory factors. (*People v. Irby* (1992), 237 Ill. App. 3d 38, 70, 602 N.E.2d 1349.) Further, we will not substitute our judgment for that of the trial court merely because we might have balanced the appropriate sentencing factors in a different manner. *Nodine*, 209 Ill. App. 3d at 1037.

After carefully reviewing the record of the sentencing hearing, we conclude that the trial court properly considered appropriate factors in mitigation and aggravation. While the trial court noted the type and size of the vehicles, it did not appear to give undue weight to these factors. The trial court also recognized defendant's prior convictions for driving under the influence of alcohol and his problem of alcohol abuse. This was not improper and should not be interpreted as bias since a defendant's demonstrated history of alcoholism is a factor to be considered in the trial court's sentencing determination. (*White*, 237 Ill. App. 3d at 970.) We believe that the trial court considered the relevant factors and reasonably concluded that a 10-year sentence was necessary as a deterrent and as a protective measure for society. While the sentence may be considered severe, it falls within statutory limits and is not disproportionate to the offense. Under the circumstances, we find no abuse of discretion.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

TULLY, P.J., and CERDA, J., concur.