THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MICHAEL GUILLEN, Defendant-Appellant.

Second District   No. 2—93—0724

Opinion filed June 2, 1994.

Mitchell D. Kreiter, Thomas J. O'Malley, and Thomas A. Gibbons, all of Mitchell D. Kreiter & Thomas A. Gibbons & Associates, of Chicago, for appellant.

David R. Akemann, State's Attorney, of St. Charles (Patrick J. Crimmins, Assistant State's Attorney, and William L. Browers and Mary Beth Burns, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE McLAREN delivered the opinion of the court:

The defendant, Michael Guillen, appeals the denial of his petition for post-conviction relief. For the following reasons, we affirm.

The defendant was convicted of first degree murder for the shooting and death of Harry Williams. (Ill. Rev. Stat. 1989, ch. 38, par. 9—1 (now codified, as amended, at 720 ILCS 5/9—1 (West 1992)).) He was also convicted of the attempted murder of Ocheion Wilson. (Ill. Rev. Stat. 1989, ch. 38, par. 8—4(a) (now codified, as amended, at 720 ILCS 5/8—4(a) (West 1992)).) The defendant was sentenced to a term of 50 years' imprisonment for murder and 25 years' imprisonment for attempted murder, to be served concurrently. The convictions were affirmed by this court in *People v. Guillen* (2d Dist. 1992), No. 2—90—1345 (unpublished order under Supreme Court Rule 23).

On February 23, 1993, the defendant, through his attorneys, filed a petition for post-conviction relief pursuant to the Post-Conviction Hearing Act (the Act), which alleged the denial of the effective assistance of counsel at the trial and appellate levels. (725 ILCS 5/122—1 *et seq.* (West 1992).) Specifically, the petition alleged that trial counsel was ineffective for failing to prove the defendant's physical incapacity on the date of the shooting in a significant manner. The petition further alleged that he was denied the effective assistance of appellate counsel because his attorney on the direct appeal failed to raise the issue of the effectiveness of trial counsel.

Prior to any rulings by the trial court concerning the frivolity of the defendant's petition, the State filed a motion to dismiss. (725 ILCS 5/122—5 (West 1992).) After arguments on the defendant's petition by both parties, the court entered an order dismissing the petition. On appeal, the defendant contends that the order dismissing the petition should be reversed and the cause remanded because the State's premature motion to dismiss circumvented the proper process under the Act.

A post-conviction proceedings is a collateral attack on a judgment of conviction which provides a remedy to criminal defendants who claim a substantial violation of their constitutional rights. (*People v. Seehausen* (1993), 245 Ill. App. 3d 506, 510.) The Act sets forth a three-step procedure to be followed in post-conviction proceedings. The first step requires the trial court to review the defendant's petition. If the trial court determines that the petition is frivolous or patently without merit, it can be summarily dismissed without an ev-

identiary hearing or the appointment of counsel. (*People v. Fern* (1993), 240 Ill. App. 3d 1031, 1037.) Section 122—2.1 specifies the following procedures to be followed in this first step:

"(a) Within *90 days* after the filing and docketing of each petition the court shall examine such petition and enter an order thereon pursuant to this Section.

\*\*\*

(2) If the petitioner is sentenced to imprisonment and the court determines the petition is frivolous or is patently without merit, it shall dismiss the petition in a written order, specifying the findings of fact and conclusions of law it made in reaching its decision. Such order of dismissal is a final judgment and shall be served upon the petitioner by certified mail within 10 days of its entry." (Emphasis added.) (725 ILCS 5/122—2.1 (West 1992).)

Effective January 1, 1993, this portion of the Act was amended to extend the time for the court's initial review of the petition from 30 days to 90 days.

If the court does not enter an order dismissing the petition as frivolous and patently without merit within 90 days, the court must order the petition to be docketed for further consideration. (725 ILCS 5/122—2.1(b) (West 1992).) The State must answer the defendant's petition or move to dismiss within 30 days after the order to docket the petition is entered. (725 ILCS 5/122—5 (West 1992).) In this second stage, the petitioner is entitled to the appointment of counsel. (725 ILCS 5/122—4 (West 1992); *People v. Mackins* (1991), 222 Ill. App. 3d 1063, 1067.) A hearing is held to determine the merits of the defendant's petition, which is similar to a hearing on a motion for summary judgment in civil cases, wherein the trial court hears arguments concerning the merits of the petition from both parties and considers any affidavits that are presented.

If the State does not file a motion to dismiss, or if the motion to dismiss is denied, the petitioner advances to the final stage of post-conviction proceedings. An evidentiary hearing is held, during which the trial court receives proof of the merits of the defendant's petition in the form of affidavits, depositions, oral testimony, or other evidence. (725 ILCS 5/122—6 (West 1992).) A defendant is not entitled to an evidentiary hearing unless the allegations in his petition, supported by the trial record or by accompanying affidavits, make a substantial showing of a violation of constitutional rights. *Seehausen*, 245 Ill. App. 3d 506.

The defendant contends that the procedures followed in the instant case were not in compliance with the Act because there was no initial determination by the court regarding the frivolity of the defendant's petition as required by section 122—2.1(a)(2).

In this case, the defendant, through his attorneys, filed a petition for post-conviction relief on February 23, 1993. A hearing on the petition was held on May 20, 1993, 87 days after the petition was filed. Present at the hearing were the defendant, his attorney, and the assistant State's Attorney. The defendant argued that the initial determination for the court was whether the petition was frivolous or patently without merit. Defense counsel then argued the merits of the petition and requested the court to docket the petition for further consideration.

The State responded that three days remained during which the court could summarily dismiss the petition as frivolous and patently without merit. Assuming the court was choosing not to summarily dismiss as frivolous, the State moved to dismiss the petition on the merits as if the case advanced to the second stage of the proceedings. Defense counsel did not object.

After rebuttal by the defense, the court stated: "You said I have 90 days. I didn't think you were right. It's 30 days I have." Defense counsel explained that an amendment to section 122—2.1 became effective on January 1, 1993, and extended the time for the trial court's initial ruling from 30 to 90 days. The trial court stated, "I'm going under the old law you know, because that's when this case was decided. But 90 days would favor him. So I guess I'm going to have to take the 90 days. I thought it was 30."

Apparently, the trial court entered the hearing with the mistaken belief that the period of time to rule whether the petition was frivolous or patently without merit had elapsed. Nevertheless, the State contends that both parties treated the hearing as if the court had not dismissed the petition under section 122—1, the 90-day period lapsed, and that the proceeding advanced to section 122—5, wherein both parties were free to argue the merits of the petition. Since the defendant was afforded a hearing as if the court did not dismiss the petition as frivolous and patently without merit, the State suggests that the procedural errors amounted to harmless error.

The defendant supports his contention by citing *People v. Magdaleno* (1989), 188 Ill. App. 3d 384, and *People v. Rutkowski* (1992), 225 Ill. App. 3d 1065. In *Magdaleno*, the defendant filed a *pro se* petition for post-conviction relief. Eight days later, the State responded to the petition by filing a motion to strike. After a hearing on the same day, *without counsel for the petitioner*, the court dismissed the petition. On appeal, the defendant asserted that the court should not have heard the motion to strike without first making a determination of frivolity or appointing counsel for the defendant. Relying on *People v. Porter* (1988), 122 Ill. 2d 64, in which our supreme

court held that a dismissal outside the time frame provided by section 122—2.1 is void, we reversed the dismissal order and remanded the cause to the trial court for further consideration under sections 122—4 through 122—6 of the Act.

In *Rutkowski*, the State moved to strike the defendant's petition for post-conviction relief before the trial court made a determination of frivolity. After a hearing *within 30 days* of the filing of the petition, in which the defendant was represented by counsel, the trial court dismissed the petition *as frivolous and patently without merit.* On appeal, this court held that, regardless of whether the State's motion to strike concerns procedural or substantive matters, the trial court is required to consider whether the petition is frivolous or patently meritless *without input from either side. (Rutkowski*, 225 Ill. App. 3d at 1067.) In response to the State's contention that the defendant suffered no prejudice because he was represented by counsel at the hearing, we stated that "[t]he mere presence of the Du Page County public defender on March 20 does not mean that defendant was represented by an attorney safeguarding his interest." (*Rutkowski*, 225 Ill. App. 3d at 1067-68.) The hearing that occurred in *Rutkowski* was equated with an *ex parte* hearing, which is void under *Porter*, since the trial judge is to determine the frivolity of the defendant's petition without input from the parties.

In our view, *Porter, Magdaleno, Rutkowski*, and the recent case *People v. Barker* (1994), 258 Ill. App. 3d 323, are factually distinguishable from the instant case. In *Porter*, the trial court dismissed the defendant's petition as frivolous after the 30-day period lapsed. The *Porter* court ruled that the 30-day rule was mandatory and that the dismissal outside of this time frame was void, thereby requiring the petition to be docketed for further consideration. In this case, however, the defendant's petition was dismissed within the 90-day period allotted by section 122—2.1.

Contrary to *Magdaleno*, the defendant in this case was represented by counsel at the hearing and the attorneys argued the merits of the petition. Although the defendants were represented by counsel in both *Rutkowski* and *Barker*, the defense attorneys in those cases were not prepared to argue the merits of the petition. The trial court's comments during the hearing in this case indicate that the court considered the merits of the petition by weighing the arguments and the affidavits presented by the parties. Thus, the hearing that took place in this case was akin to a hearing under section 122—5. Contrary to *Rutkowski* and *Barker*, the trial court's dismissal was on the merits, rather than a determination that the defendant's petition was frivolous or patently without merit.

■ The procedure followed in this case did not technically comply with the Act. However, the defendant was afforded a hearing in which he was represented by counsel. At the hearing, the court considered the defendant's petition on the merits and dismissed on the basis that the affidavits and arguments did not illustrate a denial of the effective assistance of counsel. Although the dismissal occurred within the initial 90-day period, it was actually a dismissal under section 122—5. We stress the importance of following the procedures set forth by the Act. However, remanding the cause to the trial court for a determination of the frivolity of the petition would place the defendant in no better position than if the proper procedures were followed. Furthermore, it would amount to a waste of judicial resources. Although error occurred in this case, it was harmless error. Therefore, we will consider whether the trial court's dismissal of the defendant's petition without an evidentiary hearing was manifestly erroneous. See *People v. Odle* (1992), 151 Ill. 2d 168, 172; *Seehausen*, 245 Ill. App. 3d at 510.

The defendant's petition alleged that he was denied the effective assistance of trial and appellate counsel. To prevail on a petition for post-conviction relief based on the ineffective assistance of counsel, the petitioner must satisfy the two-pronged *Strickland* standard. The petitioner must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonableness, and (2) but for the counsel's deficient performance, there exists a reasonable probability that the outcome of the proceeding would have been different. (*Strickland v. Washington* (1984), 466 U.S. 668, 687, 694, 80 L. Ed. 2d 674, 693, 698, 104 S. Ct. 2052, 2064, 2068; *People v. Albanese* (1984), 104 Ill. 2d 504.) It is unnecessary to address the first prong of the *Strickland* standard if the defendant fails to establish that the deficient performance affected the outcome of the trial. *People v. Ott* (1992), 237 Ill. App. 3d 119, 122.

In his petition, the defendant asserted that he was misidentified as the person who committed the shooting which led to his indictment for murder and attempted murder. As an alibi, the defendant asserted that he was at home at the time of the shooting, immobilized by an injury to his leg for which he was wearing a cast. Attached to his petition were medical records from Mercy Hospital which explained that the defendant received a gunshot wound to his right leg, resulting in a fracture to the right tibia. The defendant contends that his trial counsel was ineffective for failing to secure the testimony of the physician who applied his cast to illustrate that the defendant was wearing a long leg cast on the day of the shooting. Had this testimony been presented, the defendant asserts that there

would have been sufficient evidence to refute the State's eyewitness who testified that the shooter ran away from the scene.

The medical records submitted with the defendant's petition illustrate that the defendant was wearing a long leg cast on the day of the shooting. The problem with the defendant's argument is that there is nothing in the record to suggest that the cast rendered him immobile and incapable of committing the murder and attempted murder. The jury was informed that the defendant was wearing a cast on the day of the shooting. Further, the jury was informed that the defendant did not have much trouble maneuvering in the cast. Patrick Ahlgren, a police sergeant for the Aurora police department, testified that the defendant walked with a limp during his arrest. He did not walk with crutches and did not have much difficulty walking in the cast. Gregory Anderson interviewed the defendant at the police station and testified that the defendant walked up stairs unassisted. Thus, the defendant's theory of misidentification was refuted at trial. While the State's eyewitness, Stephanie Zawilla, testified that the defendant and his brother looked alike, she stated that she could tell the brothers apart and identified the defendant in court. Further, the alibi of the defendant's brother, that the brother was at the unemployment office at the time of the shooting, was corroborated by an employee of the Department of Employment Security.

■ Based on the evidence adduced at trial, medical evidence from the physician who applied the defendant's cast one week earlier would have added little to the jury's understanding of the degree of the defendant's mobility. In our determination, the medical records attached to the defendant's petition fail to illustrate a reasonable probability that the result of the trial would have been different if the physician had been called to testify. Since trial counsel was not ineffective, appellate counsel could not have been ineffective for failing to raise the ineffectiveness of trial counsel. Therefore, the trial court's decision to dismiss the defendant's petition without an evidentiary hearing was not manifestly erroneous.

For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

Affirmed.

INGLIS, P.J., and PECCARELLI, J., concur.