THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOHN LAUTENSCHLAGER, Defendant-Appellant.

Fourth District   No. 4—90—0368

Opinion filed November 29, 1990.

Daniel D. Yuhas and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Charles G. Reynard, State's Attorney, of Bloomington (Kenneth R. Boyle and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE LUND delivered the opinion of the court:

On August 1, 1989, following a bench trial in the circuit court of McLean County, defendant John Lautenschlager was found guilty of committing the offense of retail theft with a prior conviction. (Ill. Rev.

Stat. 1989, ch. 38, par. 16A—3.) He was subsequently sentenced to five years' imprisonment. Defendant now appeals, solely alleging that the sentence is excessive.

The evidence establishes that on August 15, 1988, defendant and three companions entered a Cub Foods store around 10 p.m. The four men were very boisterous and attracted the attention of the security personnel. The four men traveled around the store, throwing items into a shopping cart. One such item was a carton of cigarettes. At one point, the men separated and traveled down different aisles. When they regrouped, they left the cart and exited the store. A security person stopped them outside and asked them to come inside to discuss the damage to the goods. It was then discovered that several packages of cigarettes were missing from the carton. Defendant was found to have one of these packages in his possession. The record also establishes that defendant has a prior burglary conviction.

Following the finding of guilty, the matter was continued for the presentence report. Defendant failed to appear at the initial sentencing hearing, and a warrant was issued. He was apprehended in Florida and extradited back to Illinois. He explained to the court he left to get work and forgot to tell anyone.

The presentence report established that defendant is 22 years of age and left high school after his freshman year. On July 12, 1985, he was placed on probation for the misdemeanor offenses of unlawful possession of alcohol by a minor and retail theft under $150. On August 8, 1985, he was charged with the offenses of residential burglary, theft under $300, criminal damage of property under $300, and theft over $300. (Ill. Rev. Stat. 1989, ch. 38, pars. 19—3(a), 16—1, 21—1, 16—1.) On December 2, 1985, he was ordered to undergo treatment in the Treatment Alternatives to Street Crimes (TASC) program. However, in January 1986, he was removed from the program for noncompliance. The State subsequently amended the residential burglary charge to burglary, and defendant pleaded guilty to all four offenses. He received a three-year prison sentence and was paroled on August 12, 1988.

The court, in imposing sentence, found defendant qualified for an extended-term sentence. (See Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3.2(b)(1).) In mitigation, the court considered defendant's young age, the fact he had employment in Florida, and letters from a number of people written on his behalf. In aggravation, it found these cigarettes were not taken from need, that defendant left the public school after his freshman year and was expelled the following year from a private school, and that defendant admitted a history of use and abuse

of illegal substances. The court further reviewed defendant's criminal history and the timing of the offenses. The court observed that less than one month after being placed on probation for the retail-theft offense the defendant committed the felony offenses, that he was unsuccessfully discharged from TASC, that he was subsequently sentenced to prison, and that within three days of his release on parole he committed the instant offense. The court concluded the three-year sentence must have been ineffective to change defendant's outlook on life. Accordingly, the court imposed a five-year extended-term sentence.

Defendant argues on appeal that this sentence is excessive. He observes the State only recommended a two-year prison sentence. He also argues the sentence is entirely disproportionate to the offense, which involved the theft of one pack of cigarettes.

It is well settled that imposition of the sentence is placed in the sound discretion of the trial court and, absent an abuse of that discretion, it will not be altered on review. (*People v. Cox* (1980), 82 Ill. 2d 268, 275, 412 N.E.2d 541, 545.) Here, we find no such abuse.

A review of the record establishes, as set forth, that the court carefully considered and weighed the appropriate factors. While the sentence is in excess of the State's recommendation, this is no problem. It is to be remembered that this is just that, a recommendation. An attitude has developed that somehow the State's recommendation is the upper limit of any appropriate sentence. This, of course, is not true.

Also, the fact that the ultimate offense involved property of little value is not controlling. While this may be an appropriate factor to consider, there are other factors, such as defendant's criminal record and lack of rehabilitative potential, which, in this case, are more compelling. A reasoned judgment as to the proper sentence to be imposed must be based on the particular circumstances of each individual case. (*People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.) Defendant, due to his prior record, qualified for an extended-term sentence, which could have resulted in a six-year term of imprisonment. The court imposed a five-year sentence. A court's sentencing decision is to be given great deference and weight. (*Perruquet*, 68 Ill. 2d at 154, 368 N.E.2d at 884.) The court carefully and appropriately considered and balanced the proper factors. We find no abuse of discretion.

Affirmed.

STEIGMANN and McCULLOUGH, JJ., concur.