THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES R. WHITE, Defendant-Appellant.

Fourth District  No. 4—92—0204

Opinion filed December 23, 1992.

Daniel D. Yuhas and Charles L. Jones, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Norbert J. Goetten, Robert J. Biderman, and Dale M. Wood, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE COOK delivered the opinion of the court:

A Macon County information charged defendant James White with reckless homicide (Ill. Rev. Stat. 1991, ch. 38, pars. 9—3(a), (e)) and driving while his driver's license was revoked (Ill. Rev. Stat. 1991, ch. 95½, par. 6—303). Defendant pleaded guilty to the latter charge and was sentenced to 364 days of imprisonment. After a bench trial, defendant was found guilty of reckless homicide and sentenced to 10 years of imprisonment, to run concurrently with the other sentence. Defendant appeals, alleging the 10-year sentence was excessive and the trial court abused its discretion in

failing to adequately consider mitigating factors. We affirm defendant's sentence and remand with instructions to amend the sentencing order to reflect one additional day of sentence credit.

On the evening of September 17, 1991, defendant was driving his pickup truck on Lake Shore Drive in Decatur and collided with Randall Albrecht's car, killing Albrecht's 18-month-old daughter Elizabeth. A passerby who stopped at the scene of the accident testified that defendant smelled strongly of alcohol. The police officer and the paramedic at the scene, as well as the emergency staff nurse at the hospital, all testified they smelled alcohol on defendant's breath when they came in contact with him that evening. John Jessen, the emergency physician at the hospital on the evening of September 17, testified that defendant's blood-alcohol level was .299. Allen Kramer, a friend of defendant, testified he met defendant at the Back Door Tavern in Decatur in the early evening of September 17 and that defendant consumed between 9 and 12 bottles of beer before leaving the tavern between 8 and 8:30 p.m. A waitress at the Back Door Tavern testified she served defendant six bottles of beer but that another waitress also served his table that evening. Defendant testified he did not remember anything that occurred on the day of the accident until he was being questioned at the police station later that night. The trial court found defendant guilty of reckless homicide.

At the sentencing hearing on January 16, 1992, defendant presented the testimony of his friend Stacey Statzer and his parents, who stated that defendant was a good person and had expressed great remorse over the death of the child. Defendant's parents also spoke of defendant's struggles to overcome alcohol and substance abuse. Defendant's presentence investigation report indicated he had a 1978 conviction for delivery of controlled substance in Will County and a 1991 DUI conviction in Macon County. Defendant testified he quit drinking in 1986 after receiving a DUI supervision in Cook County, but that he subsequently relapsed and stopped going to Alcoholics Anonymous. He said he pleaded guilty to another DUI charge on June 11, 1991, in Macon County. Defendant admitted that at that time he provided incorrect information on the alcohol evaluation by falsely stating he had no prior convictions, supervisions, or drug and alcohol treatment in his history in order to get his driver's license back. Defendant stated that he began drinking heavily about a year ago when he and his wife separated. Despite losing his license after his DUI conviction in 1991, defendant admitted he had frequently driven back and forth to work and to taverns since that

time. He said he received help for his alcohol problem after the most recent DUI and has recently quit drinking.

The trial court determined that a sentence to the Department of Corrections (DOC) was necessary for the protection of the public because defendant was incapable of following the laws respecting drinking and driving and that probation would deprecate the seriousness of the offense.

Defendant alleges that his sentence is excessive and an abuse of the court's discretion. While Supreme Court Rule 615(b)(4) (134 Ill. 2d R. 615(b)(4)) allows a reviewing court to reduce the sentence imposed by the trial court, it is not our function to serve as a sentencing court and a sentence will not be disturbed on review absent an abuse of discretion by the trial court. (*People v. Cox* (1980), 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547.) The trial court may exercise wide discretion in the source and type of evidence it will use to determine the appropriate sentence. (*People v. La Pointe* (1981), 88 Ill. 2d 482, 496, 431 N.E.2d 344, 350.) The judgment as to the proper sentence must be based upon the particular circumstances of each individual case and depends upon many factors, including defendant's credibility, demeanor, general moral character, mentality, social environment, habits, prior criminal history, and age. *People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884.

Defendant correctly states that the Illinois Constitution requires that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." (Ill. Const. 1970, art. I, §11.) A proper balance must be struck between the protection of society and the rehabilitation of the defendant. (*Cox*, 82 Ill. 2d at 280, 412 N.E.2d at 547.) However, a court is not required to give the defendant's rehabilitative potential more weight than the seriousness of the offense. (*People v. Fort* (1992), 229 Ill. App. 3d 336, 341-42, 592 N.E.2d 1205, 1210.) Although reckless homicide is a Class 3 felony (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(d)(2)), in those cases where defendant was determined to have been under the influence of alcohol or any other drug "the penalty shall be a Class 2 felony, for which a person, if sentenced to a term of imprisonment, shall be sentenced to a term of not less than 3 years and not more than 14 years." (Ill. Rev. Stat. 1991, ch. 38, par. 9—3(e).) The usual sentence for a Class 2 felony is not less than three years and not more than seven years. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(5).) In the instant case, the trial court considered defendant's rehabilitative potential and determined that defendant was not entitled to

more lenient treatment. The court found that defendant's prior offenses indicated he was an individual who could not abide by the rules of drinking and driving. Given defendant's drug conviction, DUI convictions, and falsifications on his alcohol evaluation, the trial court could reasonably conclude that a 10-year sentence was appropriate.

■ Defendant alleges the trial court failed to consider his alcoholism and his remorse over causing the child's death as mitigating factors. Defendant also emphasizes his strong work history and consistent payment of child support as evidence of his good character. In sentencing a defendant, the trial court must consider any evidence presented which relates to the statutory factors in mitigation and aggravation. (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—5—3.1, 1005—5—3.2; *People v. Whealon* (1989), 185 Ill. App. 3d 570, 573, 541 N.E.2d 865, 866.) A defendant's demonstrated history of alcoholism is a factor to be considered in the trial court's sentencing determination. (*People v. Tannahill* (1987), 152 Ill. App. 3d 882, 889, 504 N.E.2d 1283, 1288.) A defendant's remorse, or lack thereof, is also a proper subject for the court to consider at sentencing. (*People v. Albanese* (1984), 102 Ill. 2d 54, 80-81, 464 N.E.2d 206, 219.) Defendant argues the trial court discussed the aggravating factors but failed to address the mitigating factors. However, a trial court setting forth the reasons for the sentence imposed need not recite and assign a value to each fact presented at the sentencing hearing. (*People v. McCarthy* (1991), 213 Ill. App. 3d 873, 887, 572 N.E.2d 1219, 1228.) Absent any indication in the record to the contrary, it is presumed that the trial court considered evidence presented in mitigation. (*McCarthy*, 213 Ill. App. 3d at 887-88, 572 N.E.2d at 1228.) We find the trial court considered all the relevant factors necessary and reasonably concluded a 10-year sentence was necessary as a deterrent and as a protective measure for society.

■ Defendant also alleges, and the State concedes, that he is entitled to an additional day of sentence credit for the time he served in custody prior to his sentencing. A defendant is entitled to credit against his sentence for every day while imprisoned on the offense for which he is sentenced. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—7; *People v. Helton* (1990), 195 Ill. App. 3d 410, 421, 552 N.E.2d 398, 406.) The record indicates defendant was in custody for 40 days from September 17, 1991, to September 20, 1991, and from December 12, 1991, to January 16, 1992, but was only granted 39

days of sentence credit. Therefore, we find defendant is entitled to one day of additional sentence credit.

For the foregoing reasons, we affirm defendant's sentence and remand this cause with instructions to amend the sentencing order to reflect one additional day of sentence credit.

Affirmed as modified and remanded.

McCULLOUGH and KNECHT, JJ., concur.