THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. KIM I. NUSSBAUM, Defendant-Appellant.

Fourth District   No. 4—92—0816

Opinion filed October 14, 1993.

Daniel D. Yuhas and Jeffrey D. Foust, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Brown, State's Attorney, of Pontiac (Norbert J. Goetten, Robert J. Biderman, and James Overholt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

After a July 1992 bench trial, the trial court convicted defendant, Kim I. Nussbaum, of child pornography (Ill. Rev. Stat. 1991, ch. 38, par. 11—20.1(a)(1)) and later sentenced him to 10 years in prison. Defendant appeals, arguing that the court (1) abused its discretion in imposing a sentence that exceeded the State's recommendation, and (2) erred in considering information other than evidence introduced at trial or sentencing in determining the sentence.

We affirm.

## I. Background

Because defendant appeals only his sentence, we need only summarize the evidence underlying his conviction. In May 1992, defendant, a 27-year-old male, asked C.S., the 11-year-old son of his neighbors, to go fishing and spend the night. C.S. and his parents consented. At defendant's house, defendant photographed C.S. with his pants pulled down and genitals exposed. Defendant then had C.S. take a similar photo of him. One of defendant's friends later inadvertently discovered the photos, which were turned over to C.S.'s parents.

## II. Defendant's Sentence Exceeds State's Recommendation

At defendant's sentencing hearing, the trial court asked both parties for their recommendations. Noting that he was not eligible for probation because of his prior convictions, defendant argued for a sentence of four years in prison, the minimum sentence the court could impose for this Class 1 felony. (See Ill. Rev. Stat. 1991, ch. 38, pars. 11—20.1(c), 1005—8—1(a)(4).) The State recommended a sentence of eight years. The court sentenced defendant to 10 years. Defendant argues that the court abused its discretion by exceeding the State's recommendation by two years. We disagree.

The trial court is in the best position to make a reasoned decision as to the appropriate punishment in each case, and we will not re-

verse the trial court unless it has abused its discretion when making that decision. (*People v. Streit* (1991), 142 Ill. 2d 13, 19, 566 N.E.2d 1351, 1353.) That court enjoys wide latitude in determining and weighing factors in mitigation or aggravation, and this court gives great deference and weight to the sentence the trial court thought appropriate in any given case. (*People v. White* (1992), 237 Ill. App. 3d 967, 969-70, 605 N.E.2d 720, 722.) The Illinois Supreme Court recently stated the following about reviewing a defendant's sentence:

> "When reviewing courts examine the propriety of sentences imposed by trial courts, they should proceed with great caution and care. [Citation.] A reviewing court must not substitute its judgment for that of a sentencing court merely because it would have weighed the factors differently." *Streit*, 142 Ill. 2d at 19, 566 N.E.2d at 1353.

When imposing sentence, a trial court should consider the statutory factors in mitigation and aggravation set forth in sections 5—5—3.1 and 5—5—3.2 of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1991, ch. 38, pars. 1005—5—3.1, 1005—5—3.2). In evaluating these factors, the court can consider defendant's remorse, or lack thereof, and the court is not required to give defendant's rehabilitative potential more weight than the seriousness of the offense. However, the court need not recite and assign a value to each factor it has considered. *White*, 237 Ill. App. 3d at 970, 605 N.E.2d at 722.

The record clearly reveals that the trial court thoroughly considered the statutory factors in mitigation and aggravation before reaching its sentencing decision. (*Streit*, 142 Ill. 2d at 20, 566 N.E.2d at 1354.) The court noted defendant's prior criminal history, including convictions for burglary, forgery (twice), unlawful use of a weapon by a felon, and theft, and his resultant periods of probation and incarceration. Specifically, the court found the following:

> "[D]efendant has committed offenses virtually at all times that he has been on the streets. So he has a significant history of criminality. He was in a position of trust. He managed to, under *** the guise of going fishing with [C.S.], managed to get [C.S.] alone in his place and at that time the photographs were taken. It seems to me that this was calculated.
>
> This wasn't spur of the moment. *** And he was in a position of trust and supervision, in effect, babysitting at least for [C.S.] overnight.
>
> *** [Based upon his prior convictions, defendant] would be eligible for an extended sentence. I don't intend to impose an extended sentence in the case. But under the statute, his prior

criminal record has had a great impact on what can and cannot happen.

*** Were probation possible, I would state for the record that I would not impose probation because probation is not appropriate. *** I think the circumstances under which the photographs were taken were repulsive. *** But in looking at statutory factors in mitigation, [defendant] does have some medical problems, all of which have been successfully dealt with by the Department of Corrections [(DOC)]. *** The court is not unmindful that [defendant] has showed significant mental instability for many years, part of which I suspect relate to his long-term drug/alcohol abuse. ***

There are no other factors in mitigation other than some minor health problems that defendant has. None of those are problems that would make it an undue burden or hardship for him to be incarcerated. *** [B]ased upon [defendant's] significant prior record, his lack—total lack of remorse in this case, the fact that the evidence in this case is overwhelming, *** the court can consider that along with many other things in determining an appropriate sentence.
***

Now, is incarceration going to resolve [defendant's] problems? I don't think so. He can get some help for his various problems, drug/alcohol dependency, his psychological problems. But is incarceration in DOC going to be helpful to the community for the protection of the society[?] *** I am sorry, but [it] is actually a worthwhile goal in some cases that while [defendant] is locked up, he cannot be burglarizing people, committing forgeries, possessing *** weapons on the streets, or committing the offense of child pornography."

■ That the trial court's determination of an appropriate sentence in this case exceeded the recommended sentences of *both* the prosecutor and defense counsel is interesting but irrelevant. Further, this court's analysis of whether the trial court abused its discretion in its sentencing will similarly not be affected by the sentences the parties recommended to the trial court. After all, they are just that—recommendations. In *People v. Lautenschlager* (1990), 205 Ill. App. 3d 530, 532, 563 N.E.2d 1213, 1215, this court rejected the defendant's argument that the trial court had abused its sentencing discretion by exceeding the prosecutor's recommended sentence. In *Lautenschlager*, we noted that an "attitude has developed that somehow the State's recommendation is the upper limit of any appropriate sen-

tence. This, of course, is not true." (*Lautenschlager*, 205 Ill. App. 3d at 532, 563 N.E.2d at 1215.) Today we reaffirm that holding, emphasizing that the discretion to impose a sentence is vested *solely* in the trial court. (See *Streit*, 142 Ill. 2d at 19, 566 N.E.2d at 1353.) We hold that counsels' recommendations are deserving of whatever weight the sentencing court wishes to accord them and nothing more.

Defendant was convicted of a Class 1 felony. Section 5—8—1(a)(4) of the Code provides that the prison sentence for a defendant convicted of a Class 1 felony is not less than 4 but no more than 15 years in the penitentiary. (Ill. Rev. Stat. 1991, ch. 38, par. 1005—8—1(a)(4).) A sentence which falls within the statutory guidelines will not be disturbed on review unless it is manifestly disproportionate to the nature of the offense. (*People v. Costello* (1992), 224 Ill. App. 3d 500, 510, 586 N.E.2d 742, 749.) The 10-year sentence which the trial court imposed here falls within the statutory guidelines. Further, the court properly considered all factors in aggravation and mitigation. Therefore, especially in view of defendant's miserable record of criminality, we hold that defendant's sentence does not constitute an abuse of discretion.

### III. The Trial Court's Consideration At Sentencing Of Information Other Than That Presented By The Evidence

Defendant next argues that the trial court improperly considered its own anecdotal information and experience in arriving at its sentencing decision. The State responds that the court's actions do not constitute an abuse of its discretion.

Defendant specifically objects to the trial court's following analysis:

> "The State has suggested eight years. The defense has suggested the minimum. The State's recommendation in my opinion is overly generous to the defendant in light of what we are now seeing occurring in the Illinois [DOC] as far as early release. I, as a trial judge, have to consider, first of all, day-for-day good time. And that sentence of eight years in DOC means [a] maximum [of] four. Then DOC gets into its education discount if you take any courses in DOC to further your education—that is another discount. But right now, [DOC], because of overcrowding, is releasing people so rapidly that persons as recently as this year that I have sentenced to DOC to a year and a half in DOC were out in three months.
>
> * * *
>
> Knowing DOC's policies, [defendant] will be rejoining the

community probably somewhere in three and a half to four years. And that, to me, all things considered, is an appropriate sentence for his conduct in this case. I don't think a four-year sentence *** would be of any benefit or serve as any protection to society. And the State's recommendation of eight [years] *** probably will result in about eight to *** twelve months less time than I think is appropriate."

A trial court may properly consider the effect of good-behavior credit when imposing sentence. (*People v. Harvey* (1987), 151 Ill. App. 3d 881, 883, 503 N.E.2d 1131, 1132.) Defendant complains, however, that the court acted improperly in considering factors other than potential good-time credit. We disagree.

In *People v. La Pointe* (1981), 88 Ill. 2d 482, 492, 431 N.E.2d 344, 348, the supreme court held that the Code "vests a wide discretion in sentencing judges in order to permit reasoned judgments as to the penalty appropriate to the particular circumstances of each case." To fashion an appropriate sentence, the supreme court held that " 'a sentencing judge could exercise a wide discretion in the sources and types of evidence used to assist him in determining the kind and extent of punishment to be imposed within limits fixed by law.' " *La Pointe*, 88 Ill. 2d at 496, 431 N.E.2d at 350, quoting *People v. Adkins* (1968), 41 Ill. 2d 297, 300, 242 N.E.2d 258, 260.

Consistent with the *La Pointe* analysis, the Second District Appellate Court in *People v. Torgeson* (1985), 132 Ill. App. 3d 384, 389, 477 N.E.2d 244, 247, wrote the following:

"[W]e see no reason why a sentencing judge may not consider, as one factor, the realities of the sentencing law in fashioning a sentence which is reflective of both the seriousness of the offense and the defendant's rehabilitative potential. A sentencing judge does not act in a vacuum, nor can he be expected to disregard the possibility of good-time credit which is inherent in every sentence of imprisonment. [Citation.] While we recognize that good-time credit and eligibility for good-time credit are not the same thing, we nevertheless believe that a sentencing court may properly determine the minimum amount of actual incarceration which is appropriate in light of the seriousness of the offense and the history and character of the defendant. *** It is well established that a sentencing court may search anywhere, within reasonable bounds, for facts which aid him in crafting a proper sentence."

We emphatically agree. The trial court has the duty to craft an appropriate sentence for each defendant (see *People v. Jackson* (1992),

149 Ill. 2d 540, 548-49, 599 N.E.2d 926, 929-30), and in doing so, the court may exercise wide discretion in the source and type of evidence it uses to determine that sentence. (*White*, 237 Ill. App. 3d at 969, 605 N.E.2d at 722.) In our judgment, considering "the realities of the sentencing law" appropriately falls within the trial court's wide discretion. We view the trial courts remarks here as merely "considering the realities of the sentencing law."

IV. CONCLUSION

For the reasons stated above, we affirm the trial court's sentence of defendant.

Affirmed.

LUND and GREEN, JJ., concur.