No. 3--97--0183

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

THE PEOPLE OF THE STATE OF ) Appeal from the Circuit Court

ILLINOIS, ) for the 10th Judicial Circuit

) Peoria County, Illinois

Plaintiff-Appellee, )

)

v. ) No. 96--CF--685

)

ROBERT D. LUCKETT, ) Honorable

) Robert A. Barnes, Jr.

Defendant-Appellant. ) Judge, Presiding

_________________________________________________________________

PRESIDING JUSTICE McCUSKEY delivered the opinion of the court:

_________________________________________________________________

Following a jury trial, the defendant, Robert D. Luckett, was found guilty of second degree murder (720 ILCS 5/9--2(a) (West 1996)).  He was sentenced to 20 years in the Illinois Department of Corrections (DOC).  On appeal, the defendant    con­tends:  (1) the jury's verdicts of guilty of second degree murder and not guilty of aggravated battery with a firearm (720 ILCS 5/12--4.2(a) (West 1996)) are legally inconsistent; (2) the trial court erred in sen­tenc­ing the defendant under the Unified Code of Corrections (Code) rather than the Juvenile Court Act of 1987 (Act); and (3) his counsel was ineffective for failing to file a post-sentencing motion.  After carefully reviewing the record on appeal, we affirm.

At trial, the evidence showed that on August 7, 1996, the defendant and several of his friends were loitering around a convenience store when the victim pulled his truck into a nearby alley.  The defendant and his friends ap­proached the truck and began a conversation with the victim.  One of the defendant's friends looked toward the defendant who said to sell the victim some rock cocaine, he's "OK."  The victim then pur­chased $20 of rock co­caine.  At the end of the transac­tion, the defen­dant pulled a gun and fired a shot into the truck.  The bullet struck the victim, killing him.  According to the defen­dant, the victim owed him money from a previ­ous drug sale.  When the defendant reminded the victim of the debt, the victim bent over and ap­peared to be reaching for something under the seat in the vehi­cle.  The defendant then jumped back from the window of the truck and fired into the cab to scare the victim.

The defendant was charged with first degree murder (720 ILCS 5/9--1(a)(2) (West 1996)), armed violence (720 ILCS 5/33A (West 1996)) and aggravat­ed battery with a firearm (720 ILCS 5/12--4.2(a) (West 1996)).  In addi­tion to these offens­es, the jury was in­struct­ed on second degree murder (720 ILCS 5/9--2 (West 1996)) and invol­un­tary man­slaugh­ter (720 ILCS 5/9--3 (West 1996)).  The jury found the defendant not guilty of armed vio­lence and aggra­vated battery with a firearm but guilty of second degree murder.

Following the trial, the State moved to sentence the defen­dant as an adult rather than a juvenile.  The State's motion was granted over the defendant's objection.

At the sentencing hearing, the presentence report indicated that the defendant was 15 years old.  He had been expelled from eighth grade for non-attendance.  However, the defendant was  per­form­ing well in the freshman-level classes he was taking at the juvenile detention center.  The report showed that the defendant's sole prior convic­tion was for a traffic of­fense.

In aggravation, the State presented the testimony of several individuals.  One witness testified that the defendant had stolen his bicycle.  Another witness testified that the defendant had stolen her car.  Other witnesses testified concerning the   defen­dant's involvement in another drug-related shooting death.  At the conclusion of the hearing, the trial judge sentenced the defen­dant to 20 years in the DOC.

The defendant initially argues on appeal that the jury   ren­dered legally inconsistent verdicts when it found the    defen­dant guilty of second degree murder and not guilty of aggravated battery with a fire­arm.  The defendant claims that these incon­sis­tent verdicts cannot be reconciled under the law of the State of Illinois.

Legally inconsistent verdicts occur when the charged  offens­es arise out of the same set of facts and, by acquitting the defendant of one offense while convicting him of the other, the jury neces­sar­i­ly finds both the existence and nonexis­tence of an identical element of each offense.  
People v. Austin
, 264 Ill. App. 3d 976, 979, 637 N.E.2d 585, 587 (1994).  As a general rule, ver­dicts that convict and acquit a defen­dant of crimes composed of differ­ent elements, but arising out of the same set of facts, are 
not
 legally incon­sis­tent.  
People v. Klingenberg
, 172 Ill. 2d 270, 274, 665 N.E.2d 1370, 1373 (1996).

A defendant commits the offense of second degree murder when he commits the offense of first degree murder but acts under a sudden or intense passion resulting from serious provoca­tion or an unreasonable belief that the circumstances justified his conduct.  720 ILCS 5/9--2(a) (West 1996).  A defendant commits first degree murder when he:  (1) performed the act which caused the death of the victim without lawful justification; and (2) knew that his act created a strong probability of death or great bodily harm to the victim.  720 ILCS 5/9--1(a)(2) (West 1996).   A defendant commits aggra­vat­ed battery with a firearm when he "in committing a battery, knowingly or intentionally by means of the discharging of a firearm *** causes any injury to another per­son."  720 ILCS 5/12--4.2(a) (West 1996).

It is clear that the offenses of second degree murder and aggra­vated battery with a firearm contain at least one differing element.  Aggravated battery with a firearm requires the 

defen­dant to 
knowingly cause an injury
 to the victim.  Second degree murder 
does not
 require the defendant to know that he has or will injure the victim; it requires 
only
 that he know that his act creates a strong probability of death or great bodily harm.  In addition, second degree murder requires that the defendant's act be the result of sudden and intense passion or an unreason­able belief that the defendant's acts were justified.

Here, in the instant case, it appears that the jury be­lieved the defendant's story about shooting into the cab for the sole purpose of scaring the victim.  The jury appar­ently believed that the defen­dant was not aware that his shot would injure or harm the victim.  As a consequence, the jury found the defendant not guilty of aggra­vated battery with a firearm.  Nevertheless, the defen­dant did know that shooting a bullet into the truck created a strong probabili­ty of death or great bodily harm even if the defendant maintained his unreasonable belief that his conduct was justi­fied.  Moreover, in this case, the defendant's act of shooting into the cab caused the victim's death.  As a result, the jury proper­ly found the defen­dant guilty of second degree murder.  From our review, we con­clude that the jury ver­dicts of not guilty of aggra­vated battery with a firearm and guilty of second degree murder are not legally incon­sis­tent under the applicable law of this state.

Next, the defendant contends that the trial court erred in sentencing him as an adult pursuant to the Code instead of as a juvenile under the Act.  The defendant notes that one of the charges against him--first degree murder--was the basis for trying him as an adult rather than as a juvenile.  See 705 ILCS 405/5--4(6)(a) (West 1996).  He contends, however, that because he was acquitted of the offense for which he was tried as an adult, it was error for the trial judge to sentence him as an adult.

Section 5--4(6)(a) of the Act provides that a minor who was at least 15 years old at the time of the offense and is charged with first degree murder 
shall
 be prose­cut­ed as an adult.  705 ILCS 405/5--4(6)(a) (West 1996).  Moreover, even if the minor is 
not
 convicted of first degree murder but is instead convicted of a lesser offense, the conviction remains valid although he was tried as an adult.  705 ILCS 405/5--4(6)(c)(ii) (West 1996).  However, in that situation, the minor must be sen­tenced as a juve­nile 
unless
 the State moves to sen­tence the minor as an adult and the trial court finds that such sentencing is appro­priate.  705 ILCS 405/5--4(6)(c)(ii) (West 1996).  In making its determi­nation on the State's motion to sentence a minor as an adult, the court shall consid­er:  (a) whether there is evidence that the offense was committed in an aggressive and premeditated manner; (b) the minor's age; (c) the minor's previ­ous history; (d) whether there are facili­ties particularly avail­able to the juvenile court or the juvenile division of the Department of Corrections for the rehabilitation and treatment of the minor; (e) whether the best inter­est of the minor and the security of the public require the minor to be sentenced as an adult; and (f) whether the minor possessed a deadly weapon while committing the offense.  705 ILCS 405/5--4(6)(c)(ii) (West 1996).  

The trial court is bound to consider the specific criteria set forth in the Act.  
People v. Ollins
, 231 Ill. App. 3d 243, 247, 606 N.E.2d 192, 196 (1992); see also 
People v. Clark
, 119 Ill. 2d 1, 12, 518 N.E.2d 138, 143 (1987).  However, no one factor is determinative nor must each factor be given equal weight.  See 
People v. Martin
, 285 Ill. App. 3d 623, 631, 674 N.E. 2d 90, 95 (1996).  Moreover, not all of the statutory        crite­ria must be resolved against the minor to justify treating him as an adult.  See 
People v. Sistrunk
, 259 Ill. App. 3d 40, 48, 630 N.E. 2d 1213, 1219 (1994).  Where the record shows that the trial court consid­ered all the factors and its determi­nation is not an abuse of discretion, then the ruling will be affirmed on appeal.  See 
Martin
, 285 Ill. App. 3d at 631, 674 N.E.2d at 95.

Here, the record shows that the State proper­ly moved to sentence the defendant as an adult.  Thereaf­ter, the trial court reviewed the evidence relating to the statutory factors.  Consid­ering the first factor, the evi­dence showed that the defen­dant ap­proached the victim with a loaded gun during a drug transac­tion.  The defendant insti­gated an argument with the victim regard­ing an alleged drug debt.  When the victim made what the defendant thought was a suspicious movement, the defen­dant fired his weapon into the cab of the truck.  From these facts, the trial court could properly find the defendant commit­ted the crime in an aggressive and premeditated manner.

The trial court reviewed the second and third factors of the Act.  The evidence showed that, at the time of the shoot­ing, the defen­dant was 15 years old with no prior criminal record other than a traffic offense.  In making its ruling, the trial court did not specifi­cal­ly refer to the fourth fac­tor, which is the availabili­ty of treatment or reha­bil­i­ta­tion servic­es in the juvenile court or the juvenile divi­sion of the DOC.  Howev­er, the fourth factor was men­tioned to the trial judge by both the prosecu­tor and defense counsel.  As far as the fifth factor, the defendant's actions clearly indi­cate a need to protect the public by sen­tenc­ing the defendant as an adult.  Finally, under the sixth factor, the evidence showed that the defendant had used a deadly weapon while committing the offense.

From our review of the record on appeal, we con­clude that the trial court proper­ly considered the statuto­ry fac­tors     con­tained in the Act.  We further con­clude that the trial court did not abuse its discre­tion when it deter­mined the defen­dant should be sen­tenced as an adult.

In conclusion, the defendant contends that his trial counsel was inef­fective for failing to file a post-sentenc­ing motion.  Both parties agree that no post-sentencing motion was ever filed. Because no post-sen­tenc­ing motion was filed below, the defen­dant cannot argue on appeal that his sen­tence was an abuse of discre­tion.  See 
People v. Reed
, 177 Ill. 2d 389, 394, 686 N.E.2d 584, 586 (1997).

The law is clear that ineffective assistance of counsel is proven when:  (1) counsel's repre­sentation falls below an objec­tive standard of reasonable­ness such that the trial results were unreliable; and (2) the defen­dant is preju­diced by the unprofes­sional conduct.  
People v. Albanese
, 125 Ill. 2d 100, 106, 531 N.E.2d 17, 19 (1988).  If the court on review can determine that the defendant suffered no prejudice, then it need not consider whether counsel's represen­tation was deficient.  
Albanese
, 125 Ill. 2d 100, 106, 531 N.E.2d 17, 19.

The statutory sentencing range for second degree murder is 4 to 20 years.  730 ILCS 5/5--8--1(a)(1.5) (West 1996).  Sentenc­ing is a matter of judi­cial discre­tion; a sen­tence imposed by the trial court will not be disturbed on review absent an abuse of that discre­tion.  
People v. Streit
, 142 Ill. 2d 13, 18-19, 566 N.E.2d 1351, 1353 (1991).  A sentence which falls within the statutory guide­lines will not be over­turned on appeal unless it is mani­festly dispro­por­tionate to the nature of the offense.  
People v. Nussbaum
, 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758 (1993).

Here, in the instant case, the evidence showed that the defen­dant was deeply involved in the business of illegal drug traf­fick­ing.  In fact, on the night of the victim's murder, the defendant was apparently in charge of determining who could buy drugs from the individuals who were conducting street sales.

In the course of the drug trans­ac­tions on the night in ques­tion, the defen­dant produced a loaded gun in an effort to scare the victim.  Instead of scaring him, the defen­dant shot and killed the victim.  Also, the State pro­duced evi­dence at the sen­tenc­ing hearing linking the defendant to a second drug-related murder.  Moreover, the State pro­duced further evi­dence that the defendant had stolen from others and appeared nonchalant about his criminal activi­ties.  In light of these facts, we cannot say that the  trial court's sentence was mani­festly dispro­por­tion­ate to the nature of the of­fense.  Conse­quently, we find no abuse of  discre­tion.  Additionally, we find that the defen­dant was not preju­diced by his attorney's failure to file a post-sentenc­ing motion.  From our review of the entire record, we conclude that the defen­dant was not deprived of his constitutional right to the effec­tive assis­tance of coun­sel.

For the reasons stated, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SLATER and LYTTON, JJ., concurring.