NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 180230-U

NO. 4-18-0230

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 26, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Woodford County |
| MATTHEW D. NUNLEY, | ) | No. 17CF87 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Charles M. Feeney III, |
| | ) | Judge Presiding. |

JUSTICE HOLDER WHITE delivered the judgment of the court.
Presiding Justice Steigmann and Justice DeArmond concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, concluding the trial court did not abuse its discretion
when sentencing defendant to four years' imprisonment for obstructing justice
where the sentence was (1) within the permissible sentencing range and (2) not
greatly at variance with the purpose of the law nor disproportionate to the nature
of the offense.

¶ 2    In December 2017, defendant, Matthew D. Nunley, pleaded guilty to obstructing

justice, a Class 4 felony (720 ILCS 5/31-4(a) (West 2016)). In January 2018, the trial court

sentenced defendant, who was extended-term eligible, to four years' imprisonment in the Illinois

Department of Corrections (DOC).

¶ 3    Defendant appeals, arguing his four-year prison sentence is excessive. We affirm.

¶ 4                              I. BACKGROUND

¶ 5                    A. The State's Charges and Defendant's Guilty Plea

¶ 6        In August 2017, the State charged defendant by information with one count of

obstructing justice (count I) (720 ILCS 5/31-4(a) (West 2016)) and one count of domestic battery

(count II) (720 ILCS 5/12-3.2(a)(2) (West 2016)).

¶ 7        In December 2017, defendant entered a blind plea to count I in exchange for the

State dismissing count II. The trial court admonished defendant he faced extended-term

sentencing, "up to six years in [DOC] and a $25,000 fine."

¶ 8        Following the aforementioned admonishments, the State provided the following

factual basis for defendant's plea:

> "If called to testify, Deputy Brad Rebman would state the Woodford
>
> County communications received a call from Victoria Bowald—I'm sorry, from a
>
> Kathy Bowald that her daughter Victoria Bowald had been—complained that she
>
> had been in some type of domestic argument incident with her boyfriend, this
>
> defendant ***. Deputy Rebman responded to that dispatch *** in East Peoria,
>
> Woodford County, Illinois. When he arrived to investigate [defendant] stated that
>
> Victoria Bowald was not present when Deputy Rebman asked to speak with her to
>
> make sure she was safe. And when, in fact, the whole time, it was learned later,
>
> that Victoria Bowald was in the house, that this defendant would not allow the
>
> deputies to have any contact with her to check on her welfare."

¶ 9                              B. Sentencing Hearing

¶ 10        In January 2018, the matter proceeded to sentencing. The State requested a

sentence of 30 months' imprisonment based on defendant's criminal history, which included

offenses dating back to 2005. The State argued defendant would not "be a good candidate for

probation based upon his past conduct ***." Defense counsel, after "taking into account the cost

of a prison sentence, *** the type of case this is[,] and where it's situated," recommended probation.

¶ 11        In fashioning defendant's sentence, the trial court considered the factual basis at the time of defendant's plea, the presentence investigation report, the financial impact of incarceration, evidence presented at the sentencing hearing, defendant's statement in allocution, and the statutory factors in aggravation and mitigation. In mitigation, the court noted "defendant's criminal conduct did not cause nor threaten serious physical harm to another" and "defendant did not contemplate that his criminal conduct would cause or threaten serious physical harm to another." In aggravation, the court found "defendant has a history of prior criminal activity" and "[i]n looking at the defendant's Presentence Investigation [report] and his criminal history, every single time the defendant has been placed on a continuing order[,] he has violated it." The court stated further:

> "[Defendant] has—I've not given hardly any weight to it other than it's a crime of violence, but it's 2006. He was 17 years of age at the time. But he commits the felonies involving the aggravated battery of a police officer or policing volunteer. But anyway, eight months later he commits the DUI and the reckless driving. He gets sentenced on those offenses, the DUI and the reckless driving, and four months later he commits his first felony. He gets sentenced on that. That gets revoked. He gets resentenced to [DOC] for two years.

> Following that sentence *** to [DOC], one year and four months later he commits another felony. He is then sentenced on that felony to two years and six months ***. One year and eight months later he commits another crime,

disorderly conduct. And at least based on that 2010 felony he is extended-term eligible here."

¶ 12    Before pronouncing the sentence, the trial court commented on the nature and circumstances of the offense. The court noted defendant lied to the police, "to protect his own hide." The court then made the following statements:

"Based upon the defendant's prior criminal history, the circumstances of this offense, the court does not believe the defendant is likely to comply with a period of probation, given his prior criminal history. This is his third felony. A period of probation or conditional discharge would deprecate the seriousness of the offender's conduct and would be inconsistent with the ends of justice.

The fact that he was trying to cover up his own violence in the domestic battery situation, or potentially trying to cover up his own violence, I should say, would also support the court finding that imprisonment is necessary for the protection of the public."

The trial court then sentenced defendant to four years' imprisonment and assessed mandatory fines and costs.

¶ 13    In February 2018, defendant filed a motion to reconsider the sentence, arguing the trial court imposed an excessive sentence given the mitigation evidence and the fact defendant was employed at the time of his arrest. At a hearing in March 2018, the trial court denied defendant's motion to reconsider.

¶ 14    This appeal followed.

¶ 15                                    II. ANALYSIS

¶ 16          On appeal, defendant argues his four-year prison sentence is excessive where his sentence is greatly at variance with the spirit and purpose of the law and manifestly disproportionate to the nature of the offense. We disagree.

¶ 17          The trial court has discretion when sentencing, and we will not reverse the court's decision absent an abuse of that discretion. *People v. Snyder*, 2011 IL 111382, ¶ 36, 959 N.E.2d 656. The court is granted such discretion in sentencing because "the trial court is in a better position to judge the credibility of the witnesses and the weight of the evidence at the sentencing hearing." *People v. Ramos*, 353 Ill. App. 3d 133, 137, 817 N.E.2d 1110, 1115 (2004). The trial court errs where the sentence is "greatly at variance with the spirit and purpose of the law, or manifestly disproportionate to the nature of the offense." *People v. Stacey*, 193 Ill. 2d 203, 210, 737 N.E.2d 626, 629 (2000). We presume the sentencing court considered all relevant factors in aggravation and mitigation unless the record affirmatively reveals otherwise. *People v. Chirchirillo*, 393 Ill. App. 3d 916, 927, 913 N.E.2d 635, 645 (2009). When determining what constitutes an appropriate sentence, "a defendant's history, character, and rehabilitative potential, along with the seriousness of the offense, the need to protect society, and the need for deterrence and punishment" are all considered. *People v. Hernandez*, 319 Ill. App. 3d 520, 529, 745 N.E.2d 673, 681 (2001).

¶ 18          Obstructing justice is a Class 4 felony, which carries a nonextended term sentencing range of one to three years in prison and an extended sentencing range of three to six years in prison. 720 ILCS 5/31-4(b)(1) (West 2016); 730 ILCS 5/5-4.5-45(a), 5-5-3.2(a) (West 2016). However, defendant's prior felony convictions made him eligible for extended term sentencing. At the sentencing hearing, the trial court considered (1) the factual basis given during defendant's plea, (2) defendant's presentence investigation report, (3) the monetary costs to

incarcerate defendant, (4) the evidence presented at the sentencing hearing, (5) defendant's statement in allocution, and (6) the statutory factors in aggravation and mitigation. At the time of sentencing, defendant had seven prior criminal convictions, including felony convictions. Previously, defendant received probation sentences in four cases and the court noted defendant, each time, violated probation. In 2008, defendant was sent to prison for violating his probation. Defendant was again sent to prison in 2010, following his second felony conviction. Given defendant's criminal history, the court expressed concern regarding the likelihood defendant would comply with another period of probation. While defendant's criminal conduct did not cause or threaten serious harm, the court determined a prison sentence was necessary to protect the public where defendant sought to "cover up his own violence." Ultimately, the court found a period of probation or conditional discharge would deprecate the seriousness of defendant's conduct.

¶ 19      Although the State recommended a sentence of 30 months' imprisonment, the trial court had discretion to impose *any* sentence within the applicable sentencing range. See *People v. Nussbaum*, 251 Ill. App. 3d 779, 783, 623 N.E.2d 755, 758 (1993) ("counsel's [sentencing] recommendations are deserving of whatever weight the sentencing court wishes to accord them and nothing more"). Here, defendant's four-year sentence fell within statutory limits, and nothing in the record indicates the court considered improper factors in sentencing defendant. Thus, we conclude the court did not abuse its discretion in sentencing defendant.

¶ 20                            III. CONCLUSION

¶ 21      For the reasons stated, we affirm the trial court's judgment.

¶ 22      Affirmed.