**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 190522-U

Order filed December 7, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-19-0522 Circuit No. 10-CF-11 |
| DEOTHIUS N. MACK, | ) ) ) | Honorable Paul P. Gilfillan, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE CARTER delivered the judgment of the court.
Justices Holdridge and McDade concurred in the judgment.

_____

**ORDER**

¶ 1        *Held*:   The circuit court did not abuse its discretion in sentencing defendant.

¶ 2        Defendant, Deothius N. Mack, appeals his sentence. Defendant contends that the Peoria County circuit court abused its discretion by failing to fully consider his rehabilitative potential when it sentenced him to a near maximum sentence. We affirm.

¶ 3                                I. BACKGROUND

¶ 4    The State charged defendant with, among other counts, aggravated battery with a firearm (720 ILCS 5/12-4.2(a)(1) (West 2010)), alleging that he, in committing a battery, knowingly and without legal justification caused an injury to Maged El Sayegh when he shot El Sayegh with a handgun. Defendant pled guilty to the aggravated battery with a firearm charge in exchange for dismissal of the remaining counts. The plea did not include any agreement as to sentencing, and defendant faced a sentencing range of 6 to 30 years' imprisonment.

¶ 5    After accepting the plea, the circuit court held a sentencing hearing. In mitigation, defendant presented three letters on his behalf and called one witness. Defendant did not dispute anything contained in the presentence investigative report (PSI). The PSI reflected that defendant was 18 at the time of the offense. The PSI showed that he had a history of juvenile delinquency findings for the offenses of aggravated robbery and unlawful possession of a firearm. The PSI further revealed that defendant committed the offense of unlawful possession of a firearm while on probation for the aggravated robbery offense. The PSI also indicated defendant committed multiple probation violations, including being unsuccessfully discharged from two drug treatment programs.

¶ 6    In one of the letters presented to the court, defendant asked for the minimum sentence and his attorney likewise argued for a minimum sentence. The State argued for the maximum sentence of 30 years' imprisonment.

¶ 7    The court found that there were no statutory factors in mitigation, but that defendant's history of delinquency was a statutory aggravating factor. The court acknowledged that defendant did not have an adult criminal record, but it attributed that to the fact that defendant had not been an adult for very long. The court recognized defendant's young age and his indications of remorse, but stated it had to take into account his record. It further indicated that

2

while someone in defendant's position could say he saw the error of his ways and would change his life, that was easy to say and defendant could say anything to suit his purposes. The court stated it also had facts that could not be disputed, and that was defendant's record. Additionally, while defendant's record might pale in comparison to some, the court said it was not often that someone shoots someone at close range and that the shot fired in this case was not a warning shot but was intended to hit the victim. The court further stated that while defendant had said he made a mistake, defendant made it sound like an accident and it could be a "mistake in terms of Wish I hadn't done that, yeah, but *** it would take a lot of decision-making on somebody's part before they actually shot someone and, you know, that's something that can't be ignored." The court then sentenced defendant to 24 years' imprisonment.

¶ 8        Defendant and his counsel both filed timely motions to reconsider sentence in February 2011. However, the motions were not heard until October 2018. The circuit court denied the motions, but this court remanded the matter for the filing of a new postplea motion, the filing of a Rule 604(d) certificate, and a *de novo* hearing on the postplea motion. *People v. Mack*, No. 3-18-0597 (2019) (unpublished minute order). Defendant filed a new motion to reconsider sentence.

¶ 9        At the hearing on the new motion to reconsider sentence, defendant presented evidence of what he had accomplished in prison since he was originally sentenced. The evidence showed that defendant had become a hospice care volunteer and was pursuing a seminary degree. Defendant also presented two letters from inmates who had received hospice care from defendant and one letter from an inmate who had worked with defendant as a hospice care volunteer.

¶ 10        The circuit court declined to consider the evidence and denied the motion. Defendant appeals.

3

¶ 11                                    II. ANALYSIS

¶ 12        Defendant argues that the circuit court abused its discretion in sentencing him to 24 years' imprisonment, which is only 6 years less than the maximum he faced, when he was only 18 years old at the time of the offense, had rehabilitative potential, pled guilty, and demonstrated remorse. He further contends that his accomplishments in prison since being sentenced show actual rehabilitation and that his rehabilitative potential was not properly considered by the court. We disagree. The court did not abuse its discretion in sentencing defendant to 24 years' imprisonment based upon the information available to it at the time of sentencing.

¶ 13        "It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently." *Id.* at 800-01. "A sentence that falls within the statutory range is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense." *People v. Franks*, 292 Ill. App. 3d 776, 779 (1997). The sentencing "court is not required to give defendant's rehabilitative potential more weight than the seriousness of the offense." *People v. Nussbaum*, 251 Ill. App. 3d 779, 781 (1993). "When ruling on a motion to reconsider a sentence, the trial court should limit itself to determining whether the initial sentence was correct; it should not be placed in the position of essentially conducting a completely new sentencing hearing based on evidence that did not exist when defendant was originally sentenced." *People v. Vernon*, 285 Ill. App. 3d 302, 304 (1996).

¶ 14        Defendant pled guilty to aggravated battery with a firearm, a Class X felony with a sentencing range of 6 to 30 years' imprisonment. 720 ILCS 5/12-4.2(a)(1), (b) (West 2010); 730 ILCS 5/5-4.5-25(a) (West 2010). Defendant's sentence of 24 years' imprisonment is within the

                                            4

statutorily prescribed range, and therefore, is presumptively valid. See *People v. Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 15     Here, based on the evidence that existed and was presented at the time of the original hearing, we cannot say that the circuit court abused its discretion in sentencing defendant. The court found no statutory mitigating factors and one statutory aggravating factor. These findings are not disputed by defendant on appeal.

¶ 16     Further, while defendant was young and argues his young age should have been considered as a strong indicator of his rehabilitative potential, his record as it existed at the time of sentencing belied that notion. Specifically, defendant had delinquency findings for the offenses of aggravated robbery and unlawful possession of a firearm. The second offense was committed while defendant was on probation for the first offense. Moreover, defendant had multiple probation violations. While the court noted defendant's youth, it also considered his record. Additionally, the record indicates that the court gave weight to the serious nature of the offense in sentencing defendant, and it is not required to give greater weight to defendant's rehabilitative potential than the seriousness of the offense. See *Nussbaum*, 251 Ill. App. 3d at 781.

¶ 17     Last, although defendant contends that his accomplishments in prison since sentencing show that his rehabilitative potential was not properly taken into consideration because they indicate he has been rehabilitated, that evidence is not properly considered in our review of the sentence. See, *e.g.*, *People v. Holman*, 2017 IL 120655, ¶ 47 (indicating that in determining whether an error occurred in sentencing "the only evidence that matters is evidence *** at the time of sentencing" and that neither bad nor good conduct while in prison subsequent to sentencing can be used to buttress or undercut the sentencing court's findings). Based on the

above analysis, we cannot say that the circuit court abused its discretion in sentencing defendant to 24 years' imprisonment.

¶ 18                                III. CONCLUSION

¶ 19        The judgment of the circuit court of Peoria County is affirmed.

¶ 20        Affirmed.