**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 200285-U

Order filed June 2, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 12th Judicial Circuit, Will County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0285 Circuit No. 17-CF-319 |
| DEVON I. HERRON, | ) ) ) | Honorable David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE DAUGHERITY delivered the judgment of the court.
Justices Holdridge and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1    *Held*:  The circuit court adequately considered defendant's mental illness and did not abuse its discretion in sentencing defendant.

¶ 2    Defendant, Devon I. Herron, appeals following the Will County circuit court's order sentencing him to 38 years' imprisonment for attempted first degree murder. Defendant argues the court abused its discretion by not adequately considering his mental illness in mitigation resulting in the imposition of an excessive sentence. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4        Defendant was charged with two counts of attempted first degree murder (720 ILCS 5/8-4(a), 9-1(a)(1) (West 2016)), four counts of aggravated battery (*id.* § 12-3.05), and one count of unlawful use of a weapon by a felon (UUWF) (*id.* § 24-1.1). Defendant waived his right to a jury trial.

¶ 5        The evidence at the bench trial established that defendant stabbed Glen Bass multiple times in the parking lot of Joliet Central High School. The court found defendant guilty of all counts except UUWF.

¶ 6        At defendant's sentencing hearing, the State presented Bass's victim impact statement and photographs depicting his injuries as evidence in aggravation. Defense counsel presented a psychiatric evaluation prepared by Dr. Monica Argunedo and defendant's activity log while in the Will County jail as evidence in mitigation.

¶ 7        The State argued that several factors weighed heavily in favor of imposing an extended-term sentence. The State noted defendant's conduct caused serious harm, defendant had a criminal background, there was a need for deterrence, the victim was over the age of 60, and the offenses occurred on school grounds. Additionally, the State referred to defendant's recorded conversation with his cellmate wherein he bragged about the offenses.

¶ 8        Defense counsel referred to Argunedo's psychiatric evaluation wherein Argunedo concluded that it was unlikely defendant would have engaged in the behavior of the alleged offense without the psychotic symptoms. Additionally, Argunedo's evaluation stated defendant only began experiencing the psychotic episode shortly before the offenses.

¶ 9        Defense counsel discussed factors in mitigation and referenced section 5-5-3.1 (730 ILCS 5/5-5-3.1 (West 2016)) of the Unified Code of Corrections. Referencing section 5-5-3.1(a)(4),

2

counsel stated that while defendant's behavior noted in the evaluation did not rise to the level of an insanity defense, counsel believed the information contained in the evaluation provided the court with insight and hoped it would find it mitigating.

¶ 10    Regarding defendant's mental illness and Argunedo's report, the court stated:

"[Defense counsel], you did give me the report. And I completely understand the difference between mitigation and rising to a level of legal sufficiency to be either a defense or even going so far as fitness issues. And there are great concerns I have with some of the findings that the doctor made in that, including the idea of voices, including the idea of there perhaps being schizophrenic episodes, those sort of things. But the reality is it doesn't rise to the level of a legal defense. So I can give it—I will give it the weight it deserves in the mitigation portion of this. But I can't also use that simply to negate all of the aggravating factors that appear to be here."

¶ 11    The court continued to address defendant's criminal history, education level, and youth stating:

"One of the things, and I think you have heard me say this, when it comes to one of [defendant's] priors, which is residential burglary, I always find that to be—and I am not alone in this, seeing the legislature said that residential burglary is a mandatory prison case with the exception of TASC, because I find someone who has the ability to go into someone else's residence, someone else's sanctuary, someone else's place of peace, it requires a mindset that very few people possess or can possess. And that's one of [defendant's] priors.

3

The other is the aggravated battery that occurred on the same or roughly about the same time as this. But both of those, while I don't know if a residential burglary is technically considered a crime of violence, it is a crime that this court takes very seriously in determining someone's propensity to commit crimes again, which at this stage of the proceedings I believe is very relevant in determining an appropriate sentence.

[Defendant], you are 24 years old. You are a young man that truly for the most of us who sit in this room right now we remember back to 24 or 22 or 21 when all this stuff happened and we look back and say wow, those were pretty good years, but I still acted pretty crazy.

In this situation though those years have brought you here and your actions at that time are such that you in a certain extent have forfeited some of the best years of your life because of those actions. And that's one of the things unfortunately we deal with in here way too often. And whether it was something that could have been stopped years ago, perhaps the first time you had an interaction with the criminal justice system; perhaps school—I noticed, what did you get through the 9th grade? Is that what it said in the PSI I think? It says that you went to—actually you got your GED, but you stopped at the 10th grade at an alternative school in Chicago.

These are all things that I look back here and I—quite frankly it aggravates me because now I am dealing with it in a way that the options are very limited for you. Maybe years ago someone could have done something. Someone

could have helped you. You could have got what you needed to not be here. But you didn't.

And just like a lot of things in this world unfortunately, that ship has sailed."

¶ 12    The circuit court merged the four counts of aggravated battery and one count of attempted first degree murder with the remaining attempted first degree murder count, and sentenced defendant to an extended term of 38 years' imprisonment, followed by 3 years of mandatory supervised release. Defendant filed a motion to reconsider sentence, which the court denied. Defendant appealed.

¶ 13                                    II. ANALYSIS

¶ 14    On appeal, defendant argues the circuit court abused its discretion by not adequately considering defendant's mental illness in mitigation resulting in the imposition of an excessive sentence.

¶ 15    "It is well settled that a trial judge's sentencing decisions are entitled to great deference and will not be altered on appeal absent an abuse of discretion." *People v. Jackson*, 375 Ill. App. 3d 796, 800 (2007). A reviewing court "must not substitute its judgment for that of the trial court simply because the reviewing court would have weighed the factors differently." *Id.* at 800-01. A sentence that falls within the statutorily prescribed range is presumptively valid (*People v. Busse*, 2016 IL App (1st) 142941, ¶ 27), and "is not an abuse of discretion unless it is manifestly disproportionate to the nature of the offense" (*People v. Franks*, 292 Ill. App. 3d 776, 779 (1997)). "Importantly, it is the seriousness of the crime—rather than the presence of mitigating factors—that is the most important factor in determining an appropriate sentence." *People v. Decatur*, 2015 IL App (1st) 130231, ¶ 12. The sentencing "court is not required to give

5

defendant's rehabilitative potential more weight than the seriousness of the offense." *People v. Nussbaum*, 251 Ill. App. 3d 779, 781 (1993). We presume the circuit court considered the relevant factors and mitigation evidence presented. *People v. Wilson*, 2016 App (1st) 141063, ¶ 11. The court is not required to "recite and assign a value to each factor." *Id.* It is defendant's burden to show that the court did not consider the relevant factors. *Id.*

¶ 16 The sentencing range for attempted first degree murder is 6 to 60 years' imprisonment. 720 ILCS 5/8-4(c)(1), 9-1 (West 2016); 730 ILCS 5/5-4.5-25(a), 5-5-3.2(a)(8) (West 2016). Defendant's sentence is within the applicable range; therefore, it is presumptively valid. See *Busse*, 2016 IL App (1st) 142941, ¶ 27.

¶ 17 Additionally, it is clear from the record that the circuit court considered defendant's mental illness as a mitigating factor. Arguing to the contrary, defendant highlights a portion of the record where the court stated, "[m]aybe years ago someone could have done something. Someone could have helped you. You could have got what you needed to not be here. But you didn't. And just like a lot of things in this world unfortunately, that ship has sailed." Defendant contends that this comment showed that the court did not adequately consider his mental illness because Argunedo's report stated defendant only began experiencing the psychotic episode shortly before the offenses. Further, the court should not have punished defendant for not seeking help where the onset of the symptoms only emerged shortly before the crime. However, this is a misleading reading of the record. A complete reading of the record reveals that the court was not referencing defendant's mental illness but rather defendant's prior run-ins with the criminal justice system and shortcomings in school.

¶ 18 Thus, based on a complete reading of the record, the circuit court adequately considered defendant's mental illness and did not abuse its discretion in sentencing defendant.

¶ 19                                    III. CONCLUSION

¶ 20        The judgment of the circuit court of Will County is affirmed.

¶ 21        Affirmed.